WILSON *v.* STATE

[No. 74, September Term, 1961.]

*Decided December 5, 1961.*

The cause was submitted to BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and SYBERT, JJ.

Submitted on brief by *Jack I. Mullen,* for appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, William J. McCarthy, Assistant Attorney General,* and *James S. Getty, State's Attorney for Allegany County,* for appellee.

HAMMOND, J., delivered the opinion of the Court.

William W. Wilson was sentenced on July 6, 1960, by the Circuit Court for Allegany County to three years imprisonment for breaking and stealing property over the value of one dollar. He had plead guilty to the charge, and no appeal was noted from the judgment and sentence. He had plead not guilty to the other two counts of the indictment—larceny and receiving, and the State had accepted the pleas.

On February 17, 1961, Wilson filed a motion "to strike out and correct an illegal sentence under Rule 744 a * * *." That rule provides: "The court may correct an illegal sentence at any time." His claim was that the count to which he plead guilty was ambiguous since his plea could be construed as

one to Code (1957), Art. 27, Sec. 342—breaking with intent to steal—for which the maximum penalty is eighteen months imprisonment, as well as to Code (1957), Art. 27, Sec. 33— breaking and stealing—which carries a maximum penalty of ten years.

After a hearing, Judge Harris refused to modify the sentence and Wilson noted a timely appeal.

The case came here and was briefed and argued by appellant and the State on the premise or assumption that there now exists the same right of appeal from a refusal to correct a sentence, which we held, in *Roberts v. Warden,* 206 Md. 246, existed before the enactment of the Post Conviction Procedure Act. That Act specifically provides in Code (1961 Supp.), Art. 27, Sec. 645A (b), that there no longer is an appeal to this Court "in habeas corpus or coram nobis cases, or from other common law or statutory remedies which have heretofore been available * * *." Maryland Rule 744 a has "the force of law, until rescinded, changed or modified" by this Court or the Legislature under the express terms of Art. IV, Sec. 18, of the Constitution of Maryland and is, therefore, to be considered a "statutory remedy" within the meaning of the Post Conviction Procedure Act (Sec. 645A (b) of Art. 27 of the Code).

As Judge Henderson said in *State v. D'Onofrio,* 221 Md. 20, 29, " 'The aim of this section [Sec. 645A of Art. 27] is to bring together and consolidate into one simple statute all the remedies, beyond those that are incident to the usual procedures of trial and review, which are at present available for challenging the validity of a sentence * * *.' " For this reason, *Brady v. State,* 222 Md. 442, held, on the State's motion to dismiss, that an overruled motion to strike out a judgment and sentence was not reviewable by this Court. Clearly the lower court's order of March 13, 1961, in this case was not appealable, unless the proceeding below was under the Post Conviction Procedure Act.

It did not purport to be, and the appeal therefore will be dismissed under Maryland Rule 835 b (1), as an appeal not allowed by law. But to avoid the delay and expense of a remand to permit the bringing up of the question on a petition

for post conviction relief, and an application for leave to appeal if no relief were granted, we indicate our views on the merits.

Wilson claims he was denied due process of law because the count to which he plead guilty could be read to charge either the crime of breaking with intent to steal or breaking and stealing, and therefore it cannot be told to what he did plead guilty. He does not come out and say in so many words that he did not know or understand to what he was pleading, merely that it could be considered uncertain. The short answer to this contention is that the count to which he plead guilty charged, as Sec. 33 of Art. 27 of the Code requires, not only that he broke but that he stole. Section 342 of Art. 27 does not require the stealing—only the intent to steal. *Young v. State,* 220 Md. 95, 100.

The elements of the crime of which Judge Harris found him guilty on his plea of guilty are simple and easily understood, and we find nothing in the record to suggest that Wilson did not voluntarily plead guilty to violation of Sec. 33 of Art. 27 with full understanding of the elements of the crime with which he was charged.

*Appeal dismissed.*