BURLEY *v.* STATE

[No. 335, September Term, 1964.]

*Decided June 28, 1965.*

The cause was argued before PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY and BARNES, JJ.

*James R. White* for appellant.

*Julius A. Romano, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Charles E. Moylan, Jr.,* and *John E. deKowzan, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City,* on the brief, for appellee.

PRESCOTT, C. J., delivered the opinion of the Court.

Appellant was convicted, on December 6, 1960, by Judge Cullen in the Criminal Court of Baltimore, and sentenced to five years' confinement. He appealed and this Court affirmed. *Burley v. State,* 226 Md. 94. On, or about, May 7, 1964, he filed a motion "to set aside the verdict and grant him a new trial," on the ground of "newly discovered evidence." Judge Cullen, after hearing the newly discovered evidence, denied the motion and the present appeal resulted.

Appellant contends that Maryland Rule 764 b grants revisory power over judgments entered in their courts to the trial judges

in cases of "fraud, mistake or irregularity," and it was a gross abuse of discretion by Judge Cullen in denying his motion. The State, on the other hand, argues that the court's order is not an appealable one, and we agree.

If appellant's motion be treated as one for a new trial and if it had been timely filed, it would have been heard by the Supreme Bench of Baltimore City. And under the general rule, the court's action in denying a motion for a new trial is not reviewable by this Court. *Colter v. State,* 219 Md. 190; *Thomas v. State,* 215 Md. 558 (decided prior to the effective date of the U.P.C.P.A., hereafter referred to as "the Act") *Brady v. State,* 222 Md. 442; Code (1964 Supp.), Article 27, Section 645 A (b). Cf. *Shields v. State,* 224 Md. 485. We recognized an exception to the general rule where the trial court refused even to consider newly discovered evidence relating to a motion for a new trial. *Wash., B. & A. R. Co., v. Kimmey,* 141 Md. 243. Cf. *Hanley v. Stulman,* 216 Md. 461. The instant case comes within the purview of the general rule. (For a case stating the rule relative to civil actions, see *B. J. Linthicum's Sons, Inc. v. Stack,* 213 Md. 344.)

On the other hand, if the motion be treated as one to strike out a judgment and sentence, it is clear that Article 27, Section 645A (b), *supra,* bars a direct appeal from an order denying the motion. *Brady v. State; Shields v. State,* both *supra.* The objectives and purposes of the Act are stated in *Brady;* we shall not restate them here. The direct appeal must, therefore, be dismissed.

If the appellant desires this Court to review the action of the trial court in ruling upon his motion, he should seek relief under the provisions of the Act. As Judge Cullen heard the "newly discovered evidence" and it is printed in the record extract, the record, itself, is sufficient for our review. However, if proceedings be brought under the Act, the appellant has a right at the trial court level, if he so elects, to have his application heard, in the first instance, by a judge other than Judge Cullen, who sat in appellant's original trial. Maryland Rule BK 44 c. For the sake of economy in time and costs, we shall order this appeal transferred to our docket which contains the applications for leave to appeal to this Court under the Act and consider

the case in that light upon the arguments made and briefs filed herein; provided both the appellant and the State make a request to this effect, and the appellant files a written affidavit stating that such procedure has been fully explained to him, and he understands that he has a right to have a judge other than Judge Cullen sit at the trial court level in hearing his application for relief under the Act, but he still desires the suggested procedure followed and said affidavit is accompanied by a written statement of his counsel that he has explained to appellant in detail the proposed procedure.

*Appeal dismissed.*