## HARRIS *v.* STATE

[No. 220, September Term, 1965.]

*Decided March 8, 1966.*

The cause was argued before HAMMOND, HORNEY, MARBURY, BARNES and McWILLIAMS, JJ.

*Dallas F. Nicholas* for appellant.

*John C. Cooper, III, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

The appellant herein, Nathaniel Thurman Harris, together with his co-defendant, Frank Johnson, was, on July 11, 1962, tried and convicted by Judge Charles D. Harris, sitting without a jury, in the Criminal Court of Baltimore, under various counts in two indictments. He was found guilty under the first count in indictment No. 1415, charging burglary, and was sentenced to serve ten years under this indictment. He was found guilty under the first count in indictment No. 1416, charging robbery, and was sentenced to serve ten years, concurrent with the sentence in indictment No. 1415. Under the third count in indictment No. 1416, charging assault, he was sentenced to serve ten years, consecutive with the sentence in indictment No. 1415. He was also found guilty under the fourth count in indictment No. 1416, charging grand larceny, and was sentenced to serve ten years consecutive with the sentence under the third count in the same indictment. These judgments and sentences, to be served in the Maryland Institution for Men, totalled thirty years. No direct appeal was taken, but on November 19, 1962, an amended petition for Post Conviction relief was filed. On April 12, 1965, this petition was, with the acquiescence of Harris' counsel, dismissed, without prejudice, by Judge Carter. On the same day, pursuant to Maryland Rule 764 a, appellant Harris filed a petition for recision and revision of the judgments and sentences of July 11, 1962, and upon this petition Judge Harris struck out the verdict of guilty on the count charging robbery and the sentence of ten years thereon imposed, but reaffirmed the verdicts and sentences (still totalling thirty years) on the other three counts of the indictments. The appellant has appealed to this Court from Judge Harris' disposition of his petition, contending that the sentence as to burglary was illegally imposed, because the entry into the home of the prosecuting witness was not a breaking and that the offenses of grand larceny and assault were merged into the count for robbery, so that the conviction for robbery was the only sentence which was legal, and Judge Harris committed reversible error by striking out the one legal sentence, while allowing the three "illegal" sentences to stand. The State, under Rule 835 b (1), filed a motion to dismiss the appeal.

The motion to dismiss must be granted. As stated above, the action before Judge Harris was based on Rule 764 a which provides: "The court may correct an illegal sentence at any time." The Uniform Post Conviction Procedure Act, Code (1957, 1965 Cum. Supp.), Article 27, Sections 654A-J, specifically provides in Section 645A (e) that there is no longer an appeal to this Court "in habeas corpus or coram nobis cases, or from other common-law or *statutory remedies* which have heretofore been available * * *" (Emphasis added.) In *Wilson v. State,* 227 Md. 99, 101, 175 A. 2d 775, we held Rule 744 a, the predecessor of the present Rule 764 a, to be a "statutory remedy" within the meaning of the above quoted portion of the Act, and we therefore held that an over-ruled motion to strike out a judgment and sentence was not reviewable by this Court, unless the proceeding below was brought under the Post Conviction Procedure Act. See also *Burley v. State,* 239 Md. 342, 344, 211 A. 2d 714; *Costello v. State,* 237 Md. 464, 470, 206 A. 2d 812, and cases cited at page 101 of 227 Md.

While the motion to dismiss must be granted, it will be without prejudice to the appellant so that he may apply for relief under the Post Conviction Procedure Act, where, at the trial level he may attempt to establish an evidentiary basis for the two contentions made in the instant appeal. All that we have before us is an agreed statement of facts from which we could not determine whether or not there is any merit in appellant's contentions, even if the act and the rules of court allowed us to entertain this appeal.

*Appeal dismissed, without prejudice.*