**Francis Jarad SCHULTZ, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 24362.**

United States Court of Appeals
Fifth Circuit.

Oct. 26, 1967.

Francis Jarad Schultz pro se.

Kendall W. Wherry, Asst. U. S. Atty., Tampa, Fla., for appellee.

Before GEWIN, BELL and AINSWORTH, Circuit Judges.

PER CURIAM:

The United States District Court for the Middle District of Florida denied appellant's motion under Rule 35, F.R.Crim. P. to correct a sentence and this appeal followed.

Appellant was sentenced to a term of one to three years by the United States District Court for the District of Columbia on February 14, 1964, for violation of 18 U.S.C. § 2314, interstate transportation of forged checks.[1] After being incarcerated for approximately nine months, appellant was released on bond pending appeal. While out on bond, appellant was again convicted of violating 18 U.S.C. § 2314 and was sentenced on April 9, 1965, by the United States District Court for the Middle District of Florida to serve a term of three years. The appellant was charged under a three-count indictment and found guilty on each count. He was given a three year sentence under each count, the sentences to run concurrently. That judgment was affirmed on appeal to this court. Schultz v. United States, 360 F.2d 616 (5 Cir. 1966). Following imposition of sentence, appellant was delivered to the United States Penitentiary in Atlanta. He elected not to serve the sentence pending appeal, pursuant to Rule 38, F.R.Crim.P. On May 18, 1965, the district court stayed the sentence and appellant was transferred to a Florida county jail. Some seven months later appellant filed a mo-

1. The sentence of the District Court of the District of Columbia reads in part as follows:

"One (1) year to Three (3) Years on each of Counts 1, 2, 3, 4, 5 and 6, said sentences by the Counts to run concurrently."

tion to withdraw his election. The court then entered an order on December 14, 1965, directing that appellant commence to serve the District of Columbia sentence and that upon completion of that sentence, commence to serve the Florida sentence. On December 18 appellant was returned to Atlanta to recommence the service of his sentence.

Appellant then filed a motion for correction of sentence on the ground that the court's order of December 14, 1965, increased his previously imposed Florida sentence in violation of the constitutional guarantee against double jeopardy. The district court denied appellant's motion. We reverse.

After a careful examination of the transcript of the sentencing proceedings of April 9, 1965, we find that the court, which had knowledge of appellant's prior District of Columbia conviction and sentence, imposed its sentence without specifically directing that it be concurrent with or consecutive to the prior sentence. We reject the Government's contention that the record amply demonstrates that the court was imposing a consecutive sentence. We find the record to be unclear as to whether the court intended the sentence to be consecutive or concurrent.

It is well recognized that, "[a]bsent clear language to the contrary, it is presumed that sentences imposed on more than one offense at the same time, *or at different times,* will run concurrently." (emphasis added) Subas v. Hudspeth, 122 F.2d 85, 87 (10 Cir. 1941). See also United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309 (1926); Mills v. Hunter, 204 F.2d 468 (10 Cir. 1953); Ziebart v. Hunter, 177 F.2d 847 (10 Cir. 1949); Hode v. Sanford, 101 F.2d 290 (5 Cir. 1939). Therefore, we conclude that the Florida sentence imposed on April 9, 1965, was to run concurrently with the District of Columbia sentences. Since the court's order of December 18, 1965, directed that the Florida sentence be served after completion of the District of Columbia sentence, such order increased appellant's Florida sentence. See Rutledge v. United States, 146 F.2d 199 (5 Cir. 1944). Increasing a sentence after a defendant has commenced to serve it is a violation of the constitutional guarantee against double jeopardy. United States v. Sacco, 367 F.2d 368 (2 Cir. 1966).

We therefore reverse the order of the district court denying appellant's motion to correct sentence and remand the case for a modification of the sentence in accordance with this opinion.

Reversed and remanded.