## PATRICK KELLY DAWSON *v.* STATE OF MARYLAND

[No. 451, September Term, 1972.]

*Decided March 12, 1973.*

The cause was argued before MOYLAN, POWERS and DAVIDSON, JJ.

*Philip J. Guenzer* for appellant.

*Arrie W. Davis, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Raymond G. Thieme, Jr., State's Attorney for Anne Arundel County,* and *Frank Weathersbee, Assistant State's Attorney for Anne Arundel County,* on the brief, for appellee.

MOYLAN, J., delivered the opinion of the Court.

The appellant, Patrick Kelly Dawson, was convicted in the Circuit Court for Anne Arundel County for three drug-related offenses and for possession of a deadly weapon. Those convictions were affirmed by us in *Dawson v. State,* 14 Md. App. 18, 284 A. 2d 861. The present appeal concerns the sentencing upon those convictions.

The appellant was initially sentenced by Judge E. Mackall Childs on April 29, 1971.

The lion's share of the sentence came upon Count 1 of Indictment No. 12074, charging a violation of Article 27, § 277, the possession of marihuana. Judge Childs sentenced the defendant to a prison term of eight years and to a fine of $5,000. Sentences on the other three charges —(1) Count 3 of Indictment 12074, charging the maintaining of a common nuisance, (2) Count 1 of Indictment 12075, charging possession of dilaudid, and (3) Count 3 of Indictment 12075, charging possession of a deadly weapon—were one year each and were made both concurrent with each other and concurrent with the major

eight-year sentence under Count 1 of Indictment 12074. At the time of the initial sentencing, an emergency act of the 1970 Legislature had lowered the maximum sentence for a first offender convicted of possession of marihuana to a prison sentence of one year and a fine of $1,000. That measure had gone into effect on April 15, 1970. The eight-year sentence was thus illegal.

This was somehow drawn to the court's attention and the case was set in for resentencing on June 10, 1971. The court there acted under Maryland Rule 764 b, which provides:

> "For a period of ninety (90) days after the imposition of a sentence, or within ninety (90) days after receipt by the court of a mandate issued by the Court of Appeals or the Court of Special Appeals upon affirmance of the judgment or dismissal of appeal, or thereafter, pursuant to motion filed within such period, the court shall have revisory power and control over the judgment or other judicial act forming a part of the proceedings. The court may, pursuant to this section, modify or reduce, but shall not increase the length of a sentence. After the expiration of such period, the court shall have such revisory power and control only in case of fraud, mistake or irregularity."

Under its revisory power, the court quite properly reduced the sentence on Count 1 of Indictment 12074 to imprisonment for one year and a fine of $1,000. Concomitant with that action, however, the court increased the sentence under Count 3 of Indictment 12074, charging common nuisance, from one year to two years. That sentence was made concurrent with the sentence under Count 1 of the same indictment; it was also made concurrent with the sentence then pronounced on the two counts of Indictment 12075. On Count 1 of Indictment 12075, charging possession of dilaudid, the sentence was increased

from one year to five years and a fine of $1,000 was imposed where no fine had been imposed before. Under Count 3 of Indictment 12075, charging possession of the deadly weapon, the sentence was increased from one year to three years. The sentences under the two counts of Indictment 12075 were made consecutive with each other. Thus, the over-all sentencing impact of eight years imprisonment remained intact.

On May 8, 1972, the appellant filed a petition for the correction of an illegal sentence, alleging that the resentencing of June 10, 1971, was in violation of Maryland Rule 764 b. That petition was heard and denied on July 11, 1971. The appellant here appeals that denial.

The appellant argues forcefully that the revisory power of the court under Maryland Rule 764 b did not permit the three increases in sentence. He takes strong umbrage at the trial court's position that the entire sentencing package may be viewed as an indivisible unit. It is inappropriate to consider the appellant's position on the merits, however, because of the State's motion to dismiss the appeal, which must be granted.

In *Wilson v. State*, 227 Md. 99, 175 A. 2d 775, the Court of Appeals considered Maryland Rule 744, which was the predecessor rule to the present Rule 764 b. They declared it to be a "statutory remedy" from which no direct appeal would lie. The Court said, at 227 Md. 101:

> "The case came here and was briefed and argued by appellant and the State on the premise or assumption that there now exists the same right of appeal from a refusal to correct a sentence, which we held, in *Roberts v. Warden*, 206 Md. 246, existed before the enactment of the Post Conviction Procedure Act. That Act specifically provides in Code (1961 Supp.), Art. 27, Sec. 645A (b), that there no longer is an appeal to this Court 'in habeas corpus or coram nobis cases, or from other common law or statutory remedies which have heretofore been avail-

able * * *.' Maryland Rule 744 a has 'the force of law, until rescinded, changed or modified' by this Court or the Legislature under the express terms of Art. IV, Sec. 18, of the Constitution of Maryland and is, therefore, to be considered a 'statutory remedy' within the meaning of the Post Conviction Procedure Act (Sec. 645A (b) of Art. 27 of the Code)."

In *Harris v. State,* 241 Md. 596, 217 A. 2d 307, the Court of Appeals was faced with precisely the situation facing us in the instant case, except that they were dealing with Maryland Rule 764 a which provides: "The court may correct an illegal sentence at any time." The difference is immaterial since both aspects of Maryland Rule 764 represent a "statutory remedy" within the contemplation of *Wilson v. State, supra,* and the Uniform Post Conviction Procedure Act. Citing *Wilson,* the Court there granted the State's motion to dismiss the appeal and pointed out that the remedy should have been sought by way of a post conviction petition.

While the motion to dismiss must be granted, it will be without prejudice to the appellant so he may apply for relief under the Post Conviction Procedure Act.

*Appeal dismissed, without prejudice.*