470 A.2d 395

**Curtis Lane PRESTON**

v.

**STATE of Maryland.**

Post Conviction No. 153, Sept. Term, 1983.

Court of Special Appeals of Maryland.

Feb. 2, 1984.

Certiorari Denied June 7, 1984.

---

404

Scott Whitney, Asst. Public Defender, for applicant.

Stephen H. Sachs, Atty. Gen., with whom was Warren B. Duckett, Jr., State's Atty., for Anne Arundel County, for appellee.

Submitted before GARRITY, ADKINS and BLOOM, JJ.

GARRITY, Judge.

We shall focus upon the procedure for challenging a sentence when the issue as to its legality was not raised on direct appeal.

On December 9, 1981, Curtis Lane Preston, the applicant, was convicted in the Circuit Court for Anne Arundel County (Wolff, J.) of battery. On January 18, 1982, the applicant was sentenced to the Division of Correction for four years. Upon sentence being suspended, he was placed on five years probation and ordered to pay restitution to the victim in the amount of $12,365.53, mostly for reimbursement of the victim's medical expenses which had been paid by Blue Cross-Blue Shield. An appeal was made to this Court, but on September 3, 1982, we dismissed it for lack of prosecution.

On April 15, 1982, the applicant filed his first petition seeking post conviction relief (Md.Code, Art. 27, § 645A–645J). A hearing on the petition was held on September 14, 1983, and the petition was denied by a Memorandum of Opinion and Order filed October 18, 1983 (Goudy, J.). The applicant now seeks leave to appeal the denial claiming that he was:

1. denied his right to an appeal; and that

2. the restitution portion of his sentence was illegal.

### I. *Belated Appeal*

■ The applicant was represented at trial by a private attorney. After he was convicted, he requested the attorney to file an appeal. This was done, but when applicant failed to pay the attorney the court costs, the attorney advised the applicant that he could not continue with the appeal unless

he were paid the printing costs. The applicant was also informed that if he could not pay the costs, he should request the services of a public defender to handle the appeal. The applicant neither paid his attorney the required costs nor applied for a public defender attorney. Having failed to receive any money to pay for the printing costs, counsel did not have the briefs printed. When the briefs were not filed, we dismissed the appeal.

It is beyond doubt that the applicant had sufficient time to notify the public defender's office (December 9, 1981 to September 2, 1982).[1] Indeed, the applicant has only himself to blame for the appeal's dismissal for lack of prosecution. Because applicant's right to appeal was not thwarted by the action of state officials, but was lost due to his inaction, he is not entitled to a belated direct appeal. *McCoy v. Warden*, 1 Md.App. 108, 121–122, 227 A.2d 375 (1967).

## II. *Illegal Sentence*

The applicant complains that the restitution portion of his sentence was illegal. He explains that a substantial amount of the $12,365.53 payment was for the victim's medical bills. These medical bills, the hearing judge found, had been paid by Blue Cross-Blue Shield. We have not been informed of the precise amount of the medical bills or of the amount paid by the insurance carrier.

The hearing judge found that even if payment had been made by the carrier, such fact would not affect the obligation of the petitioner to pay the restitution, and that the issue was deemed waived by not having been raised and resolved on direct appeal.

At the time the applicant was sentenced (January 18, 1982), art. 27, § 640 permitted restitution for medical expenses to be ordered as part of a criminal sentence only when those expenses were paid either by the victim himself or by "the Department of Health and Mental Hygiene or

---

1. The conviction was entered on December 9, 1981 and the appeal was dismissed on September 3, 1982.

any other governmental entity." (*See* Laws of Maryland 1982, Chapter 160). Payments made by a victim for which he received reimbursement from his insurance carrier, did not qualify for restitution. *Montgomery v. State,* 292 Md. 155, 438 A.2d 490 (1981). Thus, any portion of the restitution order that covered medical expenses, which were in fact paid by the victim's insurance carrier, would be illegal and should be corrected.[2]

We are now faced with a novel procedural question. How should a criminal defendant, after his right to a direct appeal has expired, proceed to secure a correction of an illegal sentence when he is not entitled to a belated direct appeal? The answer to this question starts with the undisputed fact that an appellant may at *any time* file a motion to correct an illegal sentence under Md.Rule 774 a.

The Court of Appeals examined the method of appealing a denial of sentence relief in *Wilson v. State,* 227 Md. 99, 175 A.2d 775 (1961); *Harris v. State,* 241 Md. 596, 217 A.2d 307 (1966); and in *Johnson v. State,* 274 Md. 29, 333 A.2d 37 (1975).

In *Wilson, supra,* the appellant had been sentenced to three years imprisonment for breaking and stealing property over the value of one dollar. He had pled guilty to the charge and no appeal was noted from the judgment and sentence. Six months later, Wilson filed a motion under Md.Rule 744 a—now Rule 774 a. That rule provides: "The court may correct an illegal sentence at any time." His claim was that the count to which he pled guilty was ambiguous since his plea could be construed as one to Md.Code (1957), art. 27, § 342—breaking with intent to steal—for which the maximum penalty was eighteen months imprisonment, as well as to Code (1957), art. 27, § 33—breaking and stealing—which carried a maximum penalty of ten years. After a hearing, Judge Harris refused to modify

---

2. We note that part of the restitution order may have applied to non-medical items. We have not been informed what these non-medical items were and express no opinion as to their legality.

the sentence and Wilson noted an appeal of the court's denial.

In reviewing the Post Conviction Procedure Act, the Court observed:

That Act specifically provides in Code (1961 Supp.), Art. 27, Sec. 645A (b), that there no longer is an appeal to this Court "in habeas corpus or coram nobis cases, or from other common law or statutory remedies which have heretofore been available * * *." Maryland Rule 744 a has "the force of law, until rescinded, changed or modified" by this Court or the Legislature under the express terms of Art. IV, Sec. 18, of the Constitution of Maryland and is, therefore, to be considered a "statutory remedy" within the meaning of the Post Conviction Procedure Act (Sec. 645A (b) of Art. 27 of the Code).

As Judge Henderson said in *State v. D'Onofrio,* 221 Md. 20, 29 [155 A.2d 643], " 'The aim of this section [Sec. 645A of Art. 27] is to bring together and consolidate into one simple statute all the remedies, beyond those that are incident to the usual procedures of trial and review, which are at present available for challenging the validity of a sentence * * * ' ". For this reason, *Brady v. State,* 222 Md. 442 [160 A.2d 912], held, on the State's motion to dismiss, that an overruled motion to strike out a judgment and sentence was not reviewable by this Court. Clearly the lower court's order of March 13, 1961, in this case was not appealable, unless the proceeding below was under the Post Conviction Act.

The court then addressed the merits of the appeal "to avoid the delay and expense of a remand to permit the bringing up of the question on a petition for post conviction relief, and an application for leave to appeal if no relief were granted."

In *Harris, supra,* the appellant failed to note a timely appeal from certain judgments and sentences totalling thirty years, but pursuant to Md.Rule 744 a., filed a petition for rescision and revision. Alleging that the trial court failed to

strike the two incorrect judgments and sentences, while striking the proper one, the appellant appealed. The Court granted the State's motion to dismiss on the ground that "an over-ruled motion to strike out a judgment and sentence was not reviewable by this Court, unless the proceeding below was brought under the Post Conviction Procedure Act." The Court further stated that, "While the motion to dismiss must be granted, it will be without prejudice to the appellant so that he may apply for relief under the Post Conviction Procedure Act, where at the trial level, he may attempt to establish an evidentiary basis for the two contentions made in this instant appeal."

In *Dawson v. State,* 17 Md.App. 316, 301 A.2d 214 (1973), the appellant appealed from the refusal of the trial court to correct sentences it had illegally increased under the revisory power of Maryland Rule 764 b. We granted the State's motion to dismiss on the ground that the language of the Post Conviction Procedure Act replaced the route of direct appeal from the statutory remedy of Md.Rule 764 b and held that, "While the motion to dismiss must be granted, it will be without prejudice to the appellant so he may apply for relief under the Post Conviction Procedure Act."

In *Johnson v. State,* 274 Md. 29, 333 A.2d 37 (1975), subsequent to the dismissal of an untimely filed direct appeal, the appellant filed an appeal from the trial court's refusal to modify the sentence sufficiently. The Court, following *Wilson, Harris* and *Dawson,* affirmed the lower court's dismissal of the appeal, but without prejudice to allow the appellant to seek a belated appeal under the Post Conviction Procedure Act in proceedings under which "he might attempt to establish an evidentiary basis."

In *Coles v. State,* 290 Md. 296, 429 A.2d 1029 (1981), the appellant, who had not appealed the initial conviction and sentence based on seven counts of welfare fraud, appealed the subsequent revocation of his probation and reinstatement of a prison term. One of his collateral contentions was that the trial court lacked authority to order restitution, and

thus imposed an illegal sentence. Although finding the sentence was permitted, the Court observed that "A trial court clearly has the responsibility to correct an illegal sentence at any time, Md.Rule 774 a . . . and the refusal to do so, no matter when the request is made, is appealable."

While *Coles* did not explain the procedure that is to be followed to allow a criminal defendant to appeal a claim that a trial judge failed to correct an illegal sentence, it is clearly evident that the procedure under *Wilson, Harris, Dawson* and *Johnson* is that of post conviction subsequent to a denial of relief under Md.Rule 774 a.

■ In summary, therefore, when the question of an illegal sentence has not been raised and decided on direct appeal, the question may be considered pursuant to the revisory power of the court under Md.Rule 774 a. If relief is not granted, then the defendant may petition for review, under the Post Conviction Procedure Act, the sentencing judge's refusal to grant the 774 a motion. If aggrieved by the results of the post conviction proceeding, then the defendant may apply for leave to appeal to this Court.

■ As in *Wilson, Harris* and *Johnson* wherein direct appeals either had not been filed, or dismissed as untimely, the petitioner's appeal in the case *sub judice* had been dismissed. We hold that although the waiver rule under post conviction procedure [3] would normally apply to prevent the review of an allegation of error when a petitioner could have made such allegation on direct appeal, but did not, Md.Rule 744 a effectively provides an exception to art. 27, § 645A (c) by allowing the court to "correct an illegal sentence at any time." *Coles v. State, Carter v. Warden,* 210 Md. 657, 124 A.2d 574, *cert. denied,* 352 U.S. 900, 77 S.Ct. 136, 1 L.Ed.2d 89 (1956).

---

**3.** Art. 27, § 645A (c).

While the application for leave to appeal must be denied, it will be without prejudice to the petitioner so that he might apply for relief under Md.Rule 774 a.

APPLICATION FOR LEAVE TO APPEAL DENIED, BUT WITHOUT PREJUDICE TO PROCEED UNDER MD. RULE 774 a.