501 A.2d 847

**Glenn Paul VALENTINE**

v.

**STATE of Maryland.**

**No. 20, Sept. Term, 1985.**

Court of Appeals of Maryland.

Dec. 24, 1985.

John L. Kopolow, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellant.

Stephanie J. Lane, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., on brief), Baltimore, for appellee.

Argued before MURPHY, C.J., SMITH, ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ.

SMITH, Judge.

We have here a motion made to correct an alleged illegal sentence and its denial after the time for direct appeal had expired. The question presented is whether this is such a collateral attack that no direct appeal is available. We hold that it is and thus we shall affirm the judgment of the Court of Special Appeals which dismissed the appeal.

## I

On October 24, 1983, appellant Glenn Paul Valentine entered a plea of guilty in the Circuit Court for Baltimore

County to a charge of child abuse. He was sentenced to twelve years in prison to run from April 27, 1983. On November 4, 1983, an Assistant State's Attorney addressed a letter to the trial judge:

"On October 24, 1983, this defendant entered a guilty plea to child abuse in your court under an agreement for a 12 year sentence with credit for time served. The defendant was on parole at the time of the offense to which he pled guilty and the plea agreement did not deal with whether his new sentence shall be served concurrently or consecutively with his remaining parole time.

"It has been brought to my attention that Article 41, § 123, mandates that new sentences given a parolee are consecutive to remaining parole time, unless the judge expressly orders to the contrary. Since your commitment in this case specified the 12 year sentence dates from April 27, 1983, you have, in effect, imposed a sentence concurrent with the defendant's remaining parole time.

"Since there was no mention of this issue either in the plea agreement or during the sentencing hearing, it occurs to me that you may have imposed a concurrent sentence without intending to.

"It *was* the intention of the agreement to allow the defendant credit for time served awaiting trial. It *was not* the intention of the agreement to recommend a sentence concurrent or consecutive to the remaining parole time.

"Please treat this letter as a request for modification of sentence under Maryland Rule 774. I believe that Maryland Rule 777 concerning commitment records, and Article 27, § 638C, control this matter." (Emphasis in original).

The matter came on for hearing on December 6, 1983. Counsel for Valentine took the position that the action requested by the State would be an impermissible increase in the sentence. The trial judge agreed that it was not his intention to make the sentences concurrent. He ordered that Valentine serve the twelve-year term consecutively to

the time to be served in his other case and gave credit for time served from April 27 to October 24, 1983.

On December 12, 1983, Valentine entered an appeal to the Court of Special Appeals. The appeal was withdrawn on December 19, 1983, and on the same day he filed a motion to correct an illegal sentence.[1] This came on for hearing on January 20, 1984, where he argued, as he had done previously, that the modification from concurrent to consecutive was an illegal increase in sentence. The trial court denied his motion. An appeal to the Court of Special Appeals followed.

The intermediate appellate court, in an unreported opinion (No. 108, September Term, 1984), dismissed the appeal, stating:

"The State maintains, and we agree, that an alleged illegal sentence is not a proper matter for review on direct appeal. The procedure the appellant should follow is that for relief under the Maryland Post Conviction Act. *See Preston v. State,* 57 Md.App. 403[, 470 A.2d 395, *cert. denied,* 300 Md. 89, 475 A.2d 1201] (1984)."

We granted Valentine's petition for a writ of certiorari which set forth the questions:

"1. Is the denial of a defense motion to correct an illegal sentence directly appealable?

"2. When the court grants a State motion to modify a sentence, so that a concurrent sentence is made to run consecutively to a sentence from which the defendant was on parole, is the modified sentence illegal because it amounts to an increase in violation of former Maryland Rule 774b?"

In light of our determination of the first question we shall not be obliged to answer the second question.

---

1. Maryland Rule 774 a at that time provided, "The court may correct an illegal sentence at any time." Rule 4–345 a now contains an identical provision.

## II

It is asserted that we have two distinct lines of cases on the subject, *Brady v. State*, 222 Md. 442, 160 A.2d 912 (1960), and its progeny on the one hand and *State ex rel. Sonner v. Shearin*, 272 Md. 502, 325 A.2d 573 (1974), and *Coles v. State*, 290 Md. 296, 429 A.2d 1029 (1981), on the other. We believe our cases are reconcilable, although there may be some unfortunate dictum in *Coles*.

Maryland's version of the Uniform Post Conviction Procedure Act came into the picture with the enactment of Ch. 44 of the Acts of 1958. In *State v. D'Onofrio*, 221 Md. 20, 28–29, 155 A.2d 643, 647 (1959), the Court quoted from then Code (1957, 1959 Cum.Supp.) Art. 27, § 645A(b) (now Code (1957, 1982 Cum.Supp.) Art. 27, § 645A(e)) to the effect that the remedy it provides "is not a substitute for, nor does it affect any remedies which are incident to the proceedings in the trial court ... or any remedy of direct review of the sentence or conviction." Judge Henderson then went on to say for the Court:

> "These provisions are virtually identical with those of the Uniform Acts, Post-Conviction Procedure Act, 9B U.L.A., sec. 1. In a comment by the Commissioners who prepared the Uniform Acts, it was noted: 'The aim of this section is to bring together and consolidate into one simple statute all the remedies, beyond those that are incident to the usual procedures of trial and review, which are at present available for challenging the validity of a sentence of imprisonment. * * * [It] is aimed to incorporate and protect all rights presently available under habeas corpus, coram nobis, or other remedies. The change is a procedural one.' " 221 Md. at 29, 155 A.2d at 647.[2]

---

2. As we have indicated, the Post Conviction Procedure Act was enacted by Ch. 44 of the Acts of 1958. It passed the General Assembly substantially in the form proposed by the Legislative Council in its report to the 1958 General Assembly. The Legislative Council report contained an "explanation" before the proposed act which stated in relevant part:

*Brady,* 222 Md. 442, 160 A.2d 912, is the first case in which we were obliged to consider the impact of the Post Conviction Procedure Act in a context similar to that in the case at bar. After Brady had been convicted of murder and sentenced to death and the conviction affirmed on appeal by this Court, he filed a pleading in the trial court which, as Judge Horney put it for this Court, "combined a motion for new trial with a motion to set aside the judgment and sentence." The Court said, "[I]f the motion is treated as one to strike out a judgment and sentence, it is ... clear that the provisions of the Post Conviction Procedure Act ... bar a direct appeal to this Court from an order refusing the motion," adding that the only way in which he might "effectively obtain a review by this Court of his claim that he was deprived of his constitutional right to due process ... [was] by instituting a proceeding for relief under the provisions of ... Code (1959 Cum.Supp.) Art. 27, §§ 645A–645J." The Court said:

"The pertinent parts of § 645A, *supra,* read as follows:
'(a). Any person convicted of a crime and incarcerated under sentence of death or imprisonment, * * * who claims that the sentence or judgment was imposed in violation of the Constitution of the United States or the Constitution or laws of this State, or that the court * * was without jurisdiction to impose the sentence, or *that the sentence exceeds the maximum authorized by law,* or that the sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under a writ of habeas corpus, writ of coram nobis, or other common law or statutory remedy, may institute a proceeding * * * to set aside or correct the sentence, provided the alleged error has not been previously and finally litigated or waived in the proceedings resulting in the conviction or in any other proceeding

---

"It regulates appeals by prisoners who claim they are being held illegally, or in violation of constitutional rights. Grounds which are properly the subject of an appeal from the verdict and sentence may not be stated in a proceeding under this Act."

that the petitioner has taken to secure relief from his conviction.

(b). The remedy * * * is not a substitute for, nor does it affect any remedies which are incident to the proceedings in the trial court * * *, or any remedy of direct review of the sentence or conviction. A petition for relief * * * may be filed at any time. Hereafter no appeals to the Court of Appeals of Maryland in habeas corpus or coram nobis cases, or from other common law or statutory remedies which have heretofore been available for challenging the validity of incarceration under sentence of death or imprisonment shall be permitted or entertained * * *.' " 222 Md. at 446–47, 160 A.2d at 915. (Former emphasis deleted; new emphasis added.)

After referring to that which we have previously quoted from *D'Onofrio,* the Court said:

"While the P.C.P.A. did not abrogate the remedies formerly available under writs of habeas corpus and coram nobis and other common law and statutory remedies, it clearly took away the right of appeal from an order denying any of them. The act further provides, however, that 'any person, including * * * [the State], aggrieved by the order * * * passed in accordance with * * * [the act],' may apply to this Court within a 30-day period for leave to prosecute an appeal. See § 645I, *supra.* " 222 Md. at 447, 160 A.2d at 916.[3]

The appeal was dismissed without prejudice to Brady's right to seek post conviction relief.

*Wilson v. State,* 227 Md. 99, 175 A.2d 775 (1961), involved the precise issue here before the Court. Wilson was sentenced on July 6, 1960. On February 17, 1961, he filed a motion under then Rule 744 a to strike out and correct an illegal sentence. The rule provided, "The court may correct

---

3. Code (1957, 1982 Repl.Vol.) Art. 27, § 645I now provides that application for leave to appeal in a post conviction matter is to the Court of Special Appeals.

an illegal sentence at any time," just as Rule 4–345 a now provides. Judge Hammond said for the Court:

"The case came here and was briefed and argued by appellant and the State on the premise or assumption that there now exists the same right of appeal from a refusal to correct a sentence, which we held, in *Roberts v. Warden*, 206 Md. 246 [111 A.2d 597], existed before the enactment of the Post Conviction Procedure Act. That Act specifically provides in Code (1961 Supp.), Art. 27, Sec. 645A(b), that there no longer is an appeal to this Court 'in habeas corpus or coram nobis cases, or from other common law or statutory remedies which have heretofore been available * * *.' Maryland Rule 744 a has 'the force of law, until rescinded, changed or modified' by this Court or the Legislature under the express terms of Art. IV, Sec. 18, of the Constitution of Maryland and is, therefore, to be considered a 'statutory remedy' within the meaning of the Post Conviction Procedure Act (Sec. 645A(b) of Art. 27 of the Code)." 227 Md. at 101, 175 A.2d at 776.

After quotation from *D'Onofrio* and citation to *Brady*, the Court dismissed the appeal "under Maryland Rule 835b(1) as an appeal not allowed by law."

*Harris v. State*, 241 Md. 596, 217 A.2d 307 (1966), is yet another case involving the issue now before the Court. Harris took no direct appeal from his conviction and sentence. He did seek post conviction relief. His petition was dismissed without prejudice with his acquiescence. Thereafter he invoked the provisions of then Rule 764 a contending that a portion of his sentence was illegally imposed. He appealed the decision which "allow[ed] the three 'illegal' sentences to stand." The State moved to dismiss the appeal. The Court dismissed the appeal, referring to that portion of the Post Conviction Procedure Act which states that there is no longer an appeal to this Court "in habeas corpus or coram nobis cases, or from other common-law or statutory remedies which have heretofore been available . . . ." Judge Marbury said for the Court:

"In *Wilson v. State*, 227 Md. 99, 101, 175 A.2d 775, we held Rule 744 a, the predecessor of the present Rule 764 a, to be a 'statutory remedy' within the meaning of the above quoted portion of the Act, and we therefore held that an over-ruled motion to strike out a judgment and sentence was not reviewable by this Court, unless the proceeding below was brought under the Post Conviction Procedure Act. See also *Burley v. State*, 239 Md. 342, 344, 211 A.2d 714 [(1965)]; *Costello v. State*, 237 Md. 464, 470, 206 A.2d 812 [(1965)], and cases cited at page 101 of 227 Md.[, 175 A.2d 775]." 241 Md. at 598, 217 A.2d at 308.

It will be seen that *Brady*, *Wilson*, and *Harris* were collateral attacks after the time for direct appeal had expired.

*Sonner*, 272 Md. 502, 325 A.2d 573, was a direct appeal by the State. Notwithstanding the provisions of Maryland Code (1957, 1971 Repl.Vol., 1973 Cum.Supp.) Art. 27, § 36B making mandatory the imposition of no less than a minimum sentence of five years for the use of a handgun in the commission of a felony, providing that notwithstanding any other provisions of the law to the contrary no court should enter a judgment for less than the mandatory minimum sentence, and further providing that no court should suspend the mandatory minimum sentence, a trial judge had suspended a portion of a five year sentence. This action took place on March 20, 1974. On March 27, in an attempt to compel the revision of the sentence as to the handgun violation, the State's Attorney for Montgomery County filed a petition with us for the writ of mandamus, the writ of certiorari, "or other appropriate relief." The trial judge was named as a defendant in that petition. We passed an order on April 4 directing that the petition should be held in abeyance pending application by the State's Attorney to the respondent judge pursuant to then Maryland Rule 764 a for an order nullifying the suspension of three years of the sentence. Such a motion was filed and denied. The State then appealed that denial to the Court of Special Appeals.

We granted the State's petition for a writ of certiorari prior to consideration in the intermediate appellate court and consolidated the case with the earlier petition for mandamus, certiorari, or other appropriate relief. We ultimately dismissed the latter proceeding.

We were troubled in *Sonner* as to whether the State had a right of appeal. We observed that under then Rule 764 a an illegal sentence might be corrected at any time. Citing *Carter v. Warden*, 210 Md. 657, 659, 124 A.2d 574 (1956), we said that this was true under the predecessor rule. We quoted from *Roberts v. Warden*, 206 Md. 246, 255, 111 A.2d 597 (1955). That case was an appeal, pursuant to leave to appeal, from a denial of a writ of habeas corpus. The Court assumed without deciding that contentions that the sentences amounted to cruel and unusual punishment could not be considered on habeas corpus until the defendant had served so much of the sentence as was within the power of the trial court to impose. The appeal was dismissed as premature. Judge Hammond then cited for the Court *Madison v. State*, 205 Md. 425, 109 A.2d 96 (1954); *Duker v. State*, 162 Md. 546, 549, 160 A. 279 (1932); *Miller v. State*, 135 Md. 379, 382, 109 A. 104 (1919); and *Dutton v. State*, 123 Md. 373, 91 A. 417 (1914), for the proposition that there would be a right of appeal from the action of the trial court if it refused to strike out an illegal sentence. The language in *Madison* is dicta. The other three cases are appeals pertaining to motions to strike out judgments and sentences.

We relied in *Sonner* upon *State v. Fisher*, 204 Md. 307, 104 A.2d 403 (1954), where the State contended on appeal that the trial court had no right to suspend a sentence. Judge Henderson pointed for the Court in *Fisher* to the statutory provision then in force by which cases were reviewable "as on" a writ of error. He then went on to say for the Court, in a statement which we quoted in *Sonner:*

"While the State's right to appeal 'as on' writ of error in Maryland has been chiefly recognized in cases where the indictment was quashed, we think the principle has a

somewhat wider application, and appeal lies in the circumstances of the instant case." 204 Md. at 312, 104 A.2d at 405.

We noted that neither the Maryland Rules nor the statute any longer specifically referred to appeal "as upon Writ of Error" as did both the rule and statute when *Fisher* was decided in 1954. Nevertheless, we found evidence of an intent not to change the law and concluded that the State had a direct right of appeal where a trial judge imposed an illegal sentence. In the process we observed, "A lower court which thus exceeds its power must be bridled by a court of last resort," and that "if there were no right of appeal in th[at] case, we would have no hesitancy in saying that we would act by issuance of the writ of prohibition." 272 Md. at 526, 325 A.2d 586. Valentine in this case seizes upon our statement relative to bridling lower courts which exceed their powers.

The General Assembly apparently approved the view we took in *Sonner* because it enacted Ch. 49 of the Acts of 1976, now embodied in Code (1974, 1984 Repl.Vol.) § 12–302(c)(2), Courts and Judicial Proceedings Article, providing that in a criminal case "[t]he State may appeal from a final judgment if the State alleges that the trial judge failed to impose the sentence specifically mandated by the Code."

■ Valentine also relies upon *Coles v. State*, 290 Md. 296, 429 A.2d 1029 (1981). That appeal was not from the initial conviction and sentence but from the subsequent revocation of probation and reinstatement of the balance of seven concurrent ten year prison terms previously suspended at the time probation was granted. In the course of that opinion Judge Digges said for the Court:

"In addressing appellant's attack on the propriety of the original sentencing order, we note that he took no appeal from the final judgment embodying that sentence. In fact, at sentencing, both appellant and his counsel urged the court to order restitution in lieu of incarceration, and it was not until the probation revocation hearing

that appellant questioned the validity of his original sentence. The correctness of conditions of probation must be determined on an appeal from the final judgment of conviction and sentence, *e.g., Bird v. State,* 231 Md. 432, 437–38, 190 A.2d 804, 807 (1963), and not on the subsequent revocation of probation, 'because to do so, would, in effect, permit a circumvention of [Md.Rule 1012] which requires an appeal to be taken within thirty days' following the entry of final judgment. *Coleman v. State,* 231 Md. 220, 223, 189 A.2d 616, 618 (1963); see *Stone v. State,* 43 Md.App. 329, 405 A.2d 345 (1979). To this, however, there is at least one exception. A trial court clearly has the authority and responsibility to correct an illegal sentence at any time, Md.Rule 774a; *Carter v. Warden,* 210 Md. 657, 124 A.2d 574 (1956), *cert. denied,* 352 U.S. 900 [77 S.Ct. 136, 1 L.Ed.2d 89] (1956), and the refusal to do so, no matter when the correction request is made, is appealable. *State ex rel. Sonner v. Shearin,* 272 Md. 502, 520, 325 A.2d 573, 583 (1974); *Roberts v. Warden,* 206 Md. 246, 255, 111 A.2d 597, 601 (1955)." 290 Md. at 303, 429 A.2d at 1032.

We today conclude that the comment that the refusal to correct an illegal sentence is appealable no matter when the correction request is made was in error. It was clearly dictum not necessary to the opinion.

Valentine relies, too, upon *Gerald v. State,* 299 Md. 138, 472 A.2d 977 (1984). In the course of that opinion Judge Orth noted for the Court, "The trial judge, without a hearing, denied the motion to correct an illegal sentence. Gerald noted an appeal from the denial." 299 Md. at 140, 472 A.2d at 978. Then followed a citation to *Sonner,* 272 Md. 502, 325 A.2d 573, and *Roberts,* 206 Md. 246, 111 A.2d 597. From the opinion and the earlier opinion in the Court of Special Appeals, *Gerald v. State,* 55 Md.App. 483, 462 A.2d 85 (1983), one cannot ascertain whether the challenge was on direct appeal from the original sentence. However, we have examined the briefs in this Court and the Court of Special Appeals. We find that the appeal was from the

denial of a motion to correct an illegal sentence filed after the time for appeal from the original sentence had expired. Appellate courts are not omniscient. We depend upon counsel to bring to our attention issues which we should address. The question of the propriety of Gerald's appeal was not presented to the Court of Special Appeals or to us. Because jurisdiction was involved, that court or we could well have dismissed the appeal on its or our own motion had the point occurred to either of us.

Md. Const. art. IV, § 18(a) provides that we "from time to time shall adopt rules and regulations concerning the practice and procedure in and the administration of the ... courts of this State" which rules "shall have the force of law until rescinded, changed or modified by [us] or otherwise by law." It was this constitutional provision which Judge Hammond had in mind and quoted when he said for the Court in *Wilson*, 227 Md. 99, 175 A.2d 775, that our rule pertaining to correction of illegal sentences was a statutory remedy within the meaning of the Post Conviction Procedure Act, now § 645A(e). We reaffirm that holding. The motion is in the nature of a collateral attack. An appeal from its denial is not a direct appeal from the original sentence. The refusal of a trial judge to correct an illegal sentence can only reach the appellate courts when the procedures of the Uniform Post Conviction Procedure Act are followed.

There is no denial here of due process. The Post Conviction Procedure Act provides means for litigating the propriety of the sentence and ultimate bridling by this Court, if such be necessary, of a recalcitrant judge who refuses to correct an illegal sentence. Likewise, there is no denial of equal protection to such individuals. They have a right of direct appeal when an illegal sentence is imposed at the time of original sentencing, the same right accorded to the State by *Sonner*, 272 Md. 502, 325 A.2d 573, and ultimately in Code (1974, 1984 Repl.Vol.) § 12–302(c)(2), Courts and Judicial Proceedings Article.

JUDGMENT AFFIRMED; APPELLANT TO PAY THE COSTS.

ELDRIDGE, COLE and COUCH, JJ., dissent.

ELDRIDGE, Judge, dissenting:

The Court today resurrects some earlier cases which held that the denial of a motion to correct an illegal sentence may not be directly appealed.[1] It declines to follow more recent cases, in particular *Coles v. State,* 290 Md. 296, 303, 429 A.2d 1029 (1981), which took the position that the denial of such a motion *is* directly appealable. In my view, the earlier opinions upon which the majority relies misinterpreted the Maryland Post Conviction Procedure Act. I would instead adhere to the position expressed in our more recent opinions. Therefore I dissent.

It is not disputed that before the enactment of the Maryland Post Conviction Procedure Act, Ch. 44 of the Acts of 1958, Maryland Code (1957, 1982 Repl.Vol., 1985 Cum. Supp.), Art. 27, § 645A, the denial of a motion to correct an illegal sentence could be directly appealed. *Roberts v. Warden,* 206 Md. 246, 111 A.2d 597 (1955). In *Wilson v. State,* 227 Md. 99, 101, 175 A.2d 775 (1961), this Court held that the Post Conviction Procedure Act had abolished that right of direct appeal. *Accord Harris v. State,* 241 Md. 596, 598, 217 A.2d 307 (1966). *See Brady v. State,* 222 Md. 442, 160 A.2d 912 (1960).

The Post Conviction Procedure Act, in pertinent part, provides as follows:

"(a) *Right to institute proceeding to set aside or correct sentence.*—Any person convicted of a crime and either incarcerated under sentence of death or imprisonment or on parole or probation, including any person confined or on parole or probation as a result of a

---

**1.** Former Maryland Rule 774 a provided: "The court may correct an illegal sentence at any time." Rule 4–345(a) now contains an identical provision.

proceeding before the District Court who claims that the sentence or judgment was imposed in violation of the Constitution of the United States or the Constitution or laws of this State, or that the court was without jurisdiction to impose the sentence, or that the sentence exceeds the maximum authorized by law, or that the sentence is otherwise subject to collateral attack upon any ground of alleged error which would otherwise be available under a writ of habeas corpus, writ of coram nobis, or other common-law or statutory remedy, may institute a proceeding under this subtitle in the circuit court for the county or the Criminal Court of Baltimore to set aside or correct the sentence, provided the alleged error has not been previously and finally litigated or waived in the proceedings resulting in the conviction, or in any other proceeding that the petitioner has taken to secure relief from his conviction.

*　　*　　*　　*　　*　　*

"(e) *Not substitute for remedies incident to trial proceedings; ... other common-law and statutory remedies superseded.*—The remedy herein provided is not a substitute for, nor does it affect any remedies which are incident to the proceedings in the trial court or any remedy of direct review of the sentence or conviction.... *No appeals to the Court of Appeals or the Court of Special Appeals in habeas corpus or coram nobis cases, or from other common-law or statutory remedies* which have heretofore been available for challenging the validity of incarceration under sentence of death or imprisonment shall be permitted or entertained...." (Emphasis added.)

In *Wilson, supra,* 227 Md. at 101, 175 A.2d 775, the Court held that a motion to correct an illegal sentence, which was provided for in Maryland Rule 744 a at the time, was a "statutory remedy" within the meaning of the Act and that, therefore, the denial of such a motion was not appealable unless the procedures of the Post Conviction Procedure Act

were followed.  This holding was incorrect for several reasons.

First, a motion to correct an illegal sentence is not a "statutory" remedy.  Statutes are enacted by the General Assembly of Maryland.[2]  The Maryland Rules are adopted by the Court of Appeals.  As the *Wilson* court noted, the Maryland Constitution does provide that rules adopted by the Court "shall have the force of law until rescinded, changed or modified by the Court of Appeals or otherwise by law."  Maryland Constitution, Art. IV, § 18(a).  Nonetheless, the fact that the Maryland Rules have the force of law does not mean that a rule is a statute.

In addition, the rulemaking power of the Court of Appeals is limited in scope.  The Court is authorized to "adopt rules and regulations concerning the practice and procedure in and the administration of the appellate courts and in the other courts of this State...."  Art. IV, § 18(a).  It is doubtful if this grant of authority includes the power to create a new cause of action comparable to a writ of habeas corpus or coram nobis.  Consequently, the motion authorized by former Rule 774 a and present Rule 4–345(a) should not be deemed an "other common-law or statutory" remedy within the meaning of the Post Conviction Procedure Act.

Moreover, the Post Conviction Procedure Act, by its terms, "is not a substitute for, nor does it affect any remedies which are incident to the proceedings in the trial court or any remedy of direct review of the sentence or conviction."  Code § 645A(e).  *See State v. D'Onofrio*, 221 Md. 20, 28–29, 155 A.2d 643, 647 (1959); Legislative Council of Maryland, Report to the General Assembly of 1958, Proposed Bills, at 107 (Dec. 31, 1957).  A motion to correct

---

**2.** A statute is
> "[a]n act of the legislature declaring, commanding, or prohibiting something; a particular law enacted and established by the will of the legislative department of government; the written will of the legislature, solemnly expressed according to the forms necessary to constitute it the law of the state."

Black's Law Dictionary 1264–1265 (5th ed. 1979).

an illegal sentence is clearly both incident to the proceedings in the trial court and a direct review of the sentence. Such motions are directed to the trial court and decided pursuant to the revisory power which the trial court has over a judgment. *See* former Rule 774 and present Rule 4–345 [3]; *Coles v. State, supra; State ex rel. Sonner v. Shearin,* 272 Md. 502, 325 A.2d 573 (1974); *Harris v. State, supra; Wilson v. State, supra.*

The Court's decision today is also inconsistent with rule making actions taken by this Court subsequent to the enactment of the Post Conviction Procedure Act. As pointed out in *State v. D'Onofrio, supra,* 221 Md. at 29, 155 A.2d 643, quoting from the Commissioners On Uniform Laws, one purpose of the Post Conviction Procedure Act was " 'to bring together and consolidate into one simple statute all the remedies, beyond those that are incident to the usual procedures of trial and review, which are at present available for challenging the validity of a sentence of imprisonment.' " If a motion to correct an illegal sentence were viewed as one of the common law or statutory remedies to be consolidated into the Post Conviction Procedure Act,

---

**3.** Rule 4–345 provides as follows:

"Rule 4–345. SENTENCING—REVISORY POWER OF COURT

(a) Illegal Sentence.—The court may correct an illegal sentence at any time.

(b) Modification or Reduction—Time for.—The court has revisory power and control over a sentence upon a motion filed within 90 days after its imposition (1) in the District Court, if an appeal has not been perfected, and (2) in a circuit court, whether or not an appeal has been filed. The court may modify or reduce or strike, but may not increase the length of, a sentence. Thereafter, the court has revisory power and control over the sentence in case of fraud, mistake, or irregularity, or as provided in section (d) of this Rule.

(c) Open Court Hearing.—The court may modify, reduce, or vacate a sentence only on the record in open court after notice to the parties and an opportunity to be heard.

(d) Desertion and Non-support Cases.—At any time before expiration of the sentence in a case involving desertion and non-support of spouse, children or destitute parents, the court may modify, reduce, or vacate the sentence or place the defendant on probation under the terms and conditions the court imposes."

there would have been no reason for the subsequent enactment of rules providing for a motion to correct an illegal sentence. Nevertheless, since the enactment of the Post Conviction Procedure Act, this Court has on several occasions enacted new rules containing the provision for a motion to correct an illegal sentence.

Finally, the Court's decision promotes inefficiency and the waste of valuable judicial resources. Where a convicted defendant's complaint relates solely to the legality of the sentence imposed, the normal proceeding for him to institute would be one under present Rule 4–345(a) to correct an illegal sentence. If at the conclusion of such proceeding the defendant is denied relief, even though as here his complaint is clearly meritorious, he will have to institute a second trial court proceeding, this time under the Post Conviction Procedure Act, as a prerequisite for obtaining appellate review. As a result of the majority's decision today, two trial court proceedings instead of one will be required. This makes little sense in light of the already heavy work load imposed on the trial judges of this State.

For the above reasons, I would follow *Coles v. State* and *State ex rel. Sonner* in which this Court took the position that a trial court's refusal to correct an illegal sentence may be directly appealed.

I also note that defendant's argument on the merits is clearly correct. The trial court had originally sentenced Valentine to twelve years in prison, to commence running on April 27, 1983, the date of his incarceration on the child abuse charge. The sentence imposed ran concurrently with Valentine's remaining parole time. *See Burkett v. Warden*, 214 Md. 603, 134 A.2d 77 (1957). Pursuant to the Assistant State's Attorney's request for modification of sentence, the trial court changed the sentence, ordering that Valentine's two sentences run consecutively. This modification amounted to an increase in sentence. *Wilson v. State*, 45 Md.App. 675, 415 A.2d 605 (1980); *Schultz v. United States*, 384 F.2d 374, 375 (5th Cir.1967). Rule 774 a states

that the court "may not increase the length of ... a sentence" pursuant to a motion for modification. More importantly, such an increase violates the Fifth Amendment and the Maryland common law prohibition against double jeopardy. *Ex parte Lange,* 18 Wall. 163, 173, 21 L.Ed. 872 (1874); *Brown v. State,* 237 Md. 492, 503, 207 A.2d 103 (1965); *Schultz v. United States, supra.* A situation like that here was presented in the *Schultz* case, and the United States Court of Appeals for the Second Circuit specifically held that changing a sentence to run consecutively instead of concurrently "increased appellant's ... sentence" in "violation of the constitutional guarantee against double jeopardy." 384 F.2d at 375.

Judges COLE and COUCH have authorized me to state that they concur with the views expressed herein.