584 A.2d 1317

**Kenneth W. MICHAEL**

v.

**STATE of Maryland.**

**Misc. No. 35, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

Jan. 31, 1991.

Roland Walker, Baltimore, for applicant.

J. Joseph Curran, Jr., Atty. Gen. and Valerie J. Smith, Asst. Atty. Gen., Baltimore, for appellee.

Submitted before MOYLAN, ROBERT M. BELL and DAVIS, JJ.

ROBERT M. BELL, Judge.

Kenneth W. Michael, the applicant, pled guilty, on December 27, 1989, in the Circuit Court for Baltimore City, to second degree rape. His plea having been accepted and a verdict of guilty entered pursuant to it, the court sentenced him, on April 26, 1990, to ten years imprisonment, to commence on February 1, 1990. On, or subsequent to, May 9, 1990, but before June 4, 1990 [1], appellant filed a Motion to Modify and Reduce Sentence.[2] In its response to the mo-

---

1. The notation, "RW:bb/5–9–90," located in the upper left hand corner of the motion, and the certification of mailing, dated May 9, 1990, attached to the motion, indicate that the motion was not filed before May 9, 1990. The court responded to the motion by letter dated June 4, 1990; hence, it is logical to assume that it received the motion prior to June 4.

2. The motion alleged essentially that the court having promised appellant, as inducement to his entering a plea of guilty, that it would not

tion, the court, rather than rule on the merits, advised appellant that it had decided to "revise my sentence *nunc pro tunc* to allow the defendant to appeal if he desires to exercise that right on or before June 15, 1990." True to its word, the court wrote the Clerk of the Circuit Court, requesting that she "correct the record in the above-captioned case to reflect *nunc pro tunc* imposition of sentence to have occurred on May 10, 1990, effective May 27, 1990." [3] Appellant filed this Application For Leave To Appeal from the judgment entered pursuant to his guilty plea on June 8, 1990.

The State filed an answer in which, in addition to urging that it be denied, it asserted that the application was untimely filed and, therefore, must be dismissed. It noted that, because the applicant was sentenced on April 26, 1990, he should have filed his application for leave to appeal within thirty days thereafter, or not later than May 26, 1990. *See* Maryland Rule 8–204(b)(1), which, in pertinent part, provides:

> An application for leave to appeal to the Court of Special Appeals shall be filed in duplicate with the clerk of the lower court. The application shall be filed within thirty days after entry of the judgment or order from which the appeal is sought....

It argued that the trial court's attempt to extend the time for filing the appeal is of no effect, since it had no authority to do so. The State relies upon *Blackstone v. State,* 6 Md.App. 404, 407, 251 A.2d 255 (1969), citing *Cornwell v. State,* 1 Md.App. 576, 578, 232 A.2d 281, *cert. denied,* 247 Md. 739 (1967), wherein it is said: "There is no provision in the Maryland Rules or elsewhere authorizing the lower court to extend the time within which an order of appeal to this Court shall be filed."

---

incarcerate him, nevertheless, after accepting that plea, imposed a ten year sentence of incarceration.

**3.** The docket entries do not reflect that the court's request was ever honored.

We agree with the State and, consequently, will dismiss appellant's application. We are mindful that the cases upon which the State relies were decided in the context of the predecessor Rule to Maryland Rule 8–202, pertaining to appeals of right, rather than in the context of Maryland Rule 8–204, pertaining to Applications for Leave to Appeal. That distinction is of no moment. Maryland Rule 8–202 requires that a "notice of appeal shall be filed within thirty days after entry of the judgment or order from which the appeal is taken." In that regard, it is almost identical to Rule 8–204(b)(1). Moreover, the rationale for requiring strict adherence to the time requirements in the case of appeals of right is no less persuasive where application for leave to appeal is sought. We hold, therefore, that an application for leave to appeal must be filed, as Maryland Rule 8–204(b)(1) prescribes, within thirty days from the date of the judgment from which appeal is sought and that the trial court may not, in the absence of specific authority to do so, extend that time.

APPLICATION FOR LEAVE TO APPEAL DISMISSED.