648 A.2d 683

**Herbert Louis SAVOY, Jr.**

v.

**STATE of Maryland.**

**No. 129, Sept. Term, 1993.**

Court of Appeals of Maryland.

Oct. 21, 1994.

Michael R. Malloy, Asst. Public Defender (Stephen E. Harris, Public Defender, both on brief), Baltimore, for appellant.

Gwynn X. Kinsey, Jr., Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for appellee.

Argued before ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ., and CHARLES E. ORTH*, Jr., Judge of the Court of Appeals, (Retired) Specially Assigned.

BELL, Judge.

Herbert Louis Savoy, Jr., the appellant, was sentenced by the Circuit Court for Charles County, pursuant to a plea agreement, to five years imprisonment, all but 9 months of which were suspended in favor of 5 years probation. He was subsequently found to have violated probation, which was then revoked and the previously suspended portion of the sentence reimposed. Contending that one of the violations found, *i.e.*, his failure successfully to serve the unsuspended portion of his sentence on work release, was an illegal probation condition, the appellant noted an appeal to the Court of Special Appeals. Prior to that court's consideration of that issue, we granted a writ of certiorari on our own motion, 333 Md. 173, 634 A.2d 47. The posture in which the case reaches us prevents, however, our being able to address the issue for the resolution of which we granted certiorari.

## I.

Charged with rape in the second degree and assault and battery, the appellant entered into a plea agreement with the State. The terms of that agreement were communicated to the court by the appellant's counsel:

---

* ORTH, J., participated in the hearing of the case and in the conference in regard to its decision, but died prior to the adoption of the opinion of the Court.

Pursuant to negotiations Mr. Savoy will be entering an Alford[1] Plea of guilty to Count No. 2 of battery. It is my understanding that the agreement will be, from our indication, a cap of active jail time will be set at 9 months. Any jail time that Mr. Savoy will be ordered to serve would be served in a work release capacity and, of course, at sentencing the second degree rape charge will be dropped, that is my understanding, will be nolle prossed is my understanding of the agreement.

The prosecutor confirmed that understanding:

That is my understanding as well.

\* \* \* \* \* \*

The State had agreed to ask the court to bind itself to no more than 9 months of active incarceration and work release capacity. I did indicate as well the State would ask for probation that would include no contact provision with the victim, Teia Savoy in the matter.[2]

What the trial court and the appellant understood the terms of the agreement to be is also manifest from the record. In the course of examining the appellant to qualify his tendered guilty plea, the court stated its understanding of the agreement:

The State's Attorney agrees if you [plead guilty to battery] she will dismiss the battery [sic] charge. The lawyer told me a little bit about the nature of the charge and about you, asked me whether I would agree under the circumstances to

---

1. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.E.2d 162 (1970).

2. After accepting the appellant's plea the court ordered a presentence investigation report and scheduled sentencing for a latter date. On the date set for sentencing, the appellant moved to withdraw his plea and go to trial. The motion was denied. When presenting argument on disposition, the prosecutor reiterated the parties' understanding as to the active incarceration contemplated:

    Your Honor, the agreement the Court bound itself to [sic] limit incarceration to no more than 9 months. I am not about to ask the Court to any greater than that [sic]. I think it was a fair and reasonable agreement under all circumstances of this case.

not require you to serve more than 9 months at this juncture in the work release posture and I said yes, assuming the record is consistent with what Mrs. Donohue told me she thinks it is.

In response to the court's question whether that was his "understanding of the agreement involving the lawyers and me?", the appellant answered, "Yes, sir."

The court accepted the appellant's guilty plea, but deferred sentencing pending receipt of a presentence investigation report to verify whether the appellant's record was as represented. It ultimately sentenced the appellant as follows:

The sentence is you are committed to the Division of Correction for 5 years to date from today. I am going to suspend all but 9 months of that and give you nine months in the county jail in a work release posture. The remaining 4 years and 3 months is suspended for a period of 5 years dating from the point of your release from serving 9 months and during that 5 year period you will be on probation under supervision of Division of Parole and Probation.

Thereafter, when detailing the conditions of probation, the court stated, "Probation order will become effective when you are released from county jail. If you don't successfully complete the work release arrangement in that 9 month period the probation order won't become effective for another 5 years." It also wrote, in longhand, a statement to like effect [3] on the order of probation, which the appellant signed. Neither the appellant nor his counsel objected to that condition and neither of the parties advised the court that it did not comply with the plea agreement. Notwithstanding the court's oral order and written notation on the probation order, both the Commitment Record, dated January 23, 1992, and the Sheriff's Temporary Authorization, dated January 21, 1992, each signed by the courtroom clerk, indicated that "the total time to be served" was 9 months, commencing on January 21, 1992.

---

3. The Court wrote: "To have successfully completed 9 mon W/P prior to inception of probation in CCDC Home Detention not authorized."

Moreover, the probation order itself stated, in the section of paragraph 1 relating to "split sentence," that "Probation commence[s] upon release of the defendant from incarceration, either by means of mandatory release or parole, whichever occurs first."

The appellant's work release status terminated when, while a resident at the work release center, he tested positive for alcohol. Thereafter, the appellant remained incarcerated, without benefit of work release, until August 3, 1992, when he was released.[4] Subsequently, the appellant was charged with violation of probation, it being alleged that he violated three of the conditions of his probation, namely:

Condition No. 1: Report to assigned agent as directed and follow his lawful instructions:

By failing to report to his agent on August 12, 1992 and September 14, 1992.

By failing to provide employment verification as directed by his agent.

By failing to submit to PBT testing on September 14, 1992 as directed by his agent.

Condition No. 12: Possess no alcohol,

By possessing alcohol on or about February 7, 1992.

Condition No. 12: To have successfully completed nine months work program prior to inception of probation in Charles County Detention Center:

By failing to successfully complete nine months work program.

■ At the violation hearing, the appellant admitted that he: failed to report to his agent on the two occasions alleged, possessed alcohol on the date alleged, and failed to complete work release. The court, after inquiry, accepted the admis-

---

4. Although he failed to comply with the conditions of work release, the appellant's total incarceration was less than the nine months contemplated by the plea agreement.

sions,[5] ultimately revoking probation and requiring the appellant to serve the previously suspended portion of his sentence.[6] The appellant filed a motion for leave to appeal with the Court of Special Appeals.[7] That court granted the application and ordered briefing of the issue it perceived to be presented, namely

> Was the order issued by the judge in this case requiring applicant to successfully complete a work release program as a condition of probation legal, and if so was the order directing applicant to serve the four year three months sentence which had initially been conditionally suspended legal, or on the other hand, if the work release condition was not legal what disposition should be ordered in this case?

As indicated, we granted a writ of certiorari on our own motion prior to that court's consideration of the matter.

## II.

Acting pursuant to Maryland Rules 8–602(a)(3)[8] and

---

5. No issue is presented with respect to the adequacy or effectiveness of the appellant's admission. For a discussion of admissions in probation violation cases, see *Hersch v. State*, 317 Md. 200, 562 A.2d 1254 (1989).

6. The docket entry for January 21, 1992, the day the appellant's probation was revoked and his suspended sentence ordered served, reflects only that the "court finds defendant failed to comply with precondition to inception of probation (compliance with work release)." The accuracy of that docket entry is belied by the transcript. Ordinarily, when there is a conflict between the transcript and the docket entries, unless it is shown to be in error, it is the transcript that prevails. *Waller v. Maryland Nat'l Bank*, 332 Md. 375, 379, 631 A.2d 447, 449 (1993); *Roberts v. State*, 219 Md. 485, 488, 150 A.2d 448, 450 (1979).

   The court subsequently granted the appellant's motion to correct an illegal sentence by giving the appellant credit for three additional days.

7. Maryland Code (1974, 1989 Repl.Vol., 1993 Cum.Supp.) § 12–302(g) of the Courts & Judicial Proceedings Article prescribes the method for obtaining judicial review of revocation of probation judgments. It provides that such review be by application for leave to appeal. Maryland Rule 8–204 sets forth the procedure applicable to applications for leave to appeal to the Court of Special Appeals.

8. Maryland Rule 8–602 provides, in pertinent part:

8–603(c) [9] the State moved to dismiss the appellant's appeal on the ground that it is untimely. That is so, it reasons, "[b]ecause Savoy challenges the circuit court's finding of a probation violation only insofar as he disputes the legality of a 'precondition' to probation that the court unambiguously imposed at the original sentencing," State's brief at 2, and *Valentine v. State*, 305 Md. 108, 118–19, 501 A.2d 847, 852 (1985) prohibits the deferral of "an appellate challenge to conditions of probation or any other aspect of his sentence as originally imposed by asserting such a challenge on appeal from, for example, a violation of probation hearing or a hearing on a motion to correct an illegal sentence." State's brief at 3. The State asserts that *Valentine* overruled the holding of *Matthews v. State*, 304 Md. 281, 286–88, 498 A.2d 655, 657 (1985), that the illegality of a condition of probation is reviewable on appeal from an order of violation of probation, and, to the extent that it permits a defendant to appeal a trial court's refusal to correct an illegal sentence at anytime, *Coles v. State*, 290 Md. 296, 303, 429 A.2d 1029, 1032 (1981).

In response, the appellant urges that we deny the State's motion to dismiss. He argues that the application for leave to appeal was timely. It was when the court revoked probation and reimposed the remainder of the suspended prison sentence that the court acted illegally, thus giving rise to the appellant's right to seek leave to appeal. He also notes the inappositeness of the cases on which the State relies, *i.e.*, *McElroy v. State*, 329 Md. 136, 145–49, 617 A.2d 1068, (1993); *Valentine*, 305 Md. at 118–19, 501 A.2d at 852; *Michael v. State*, 85 Md.App. 735, 737–38, 584 A.2d 1317, 1318 (1991). The appellant then challenges the State's right to move to dismiss at this juncture, pointing out that the State did not

---

*(a) Grounds.*—On motion or on its own initiative, the Court may dismiss an appeal for any of the following reasons:

&ast;    &ast;    &ast;    &ast;    &ast;    &ast;

(3) the notice of appeal was not filed with the lower court within the time prescribed by Rule 8–202.

**9.** Rule 8–603(c) permits a motion to dismiss based on Rule 8–602(a)(3) to be included in the appellee's brief.

challenge the timeliness of his application for leave to appeal insofar as it contests the court's probation violation finding. *See* Maryland Rule 8–204(d). Moreover, he questions whether the State's motion to dismiss, which was not filed until after this Court had granted certiorari, was itself timely.

The State gets the better of the argument. We shall explain.

*Matthews* is a case factually very similar to the case *sub judice.* There, the trial court sentenced the defendant to a term of imprisonment, suspending all but nine months in favor of a term of probation under intense supervision. The defendant did not appeal from that judgment. The unsuspended portion of the sentence was to be served on work release. The probation order, effective the day of sentencing, included a condition that defendant obey all laws.

While on work release, the defendant was charged with and subsequently convicted of various violations of the controlled dangerous substance laws. Having been sentenced to a term of imprisonment and after the convictions were affirmed, he was tried for violation of probation, it being alleged that he failed to obey all laws. Rejecting his defense, the hearing court found the defendant in violation of probation and struck the suspension of the remaining portion of the sentence. *Id.* at 284, 498 A.2d at 656.

On appeal, in urging the affirmance of the judgment, the State argued, *inter alia,* that "the defendant waived his right to object [to the illegal sentence] by failing to take a direct appeal from the final judgment embodying that sentence." *Id.* at 286, 498 A.2d at 658. Interestingly, the State relied on *Coles,* 290 Md. at 303, 429 A.2d at 1032, and *Walczak v. State,* 302 Md. 422, 427, 488 A.2d 949, 951 (1985). This Court rejected that argument, noting, in fact, that those cases were supportive of the opposite result. Indeed, we quoted from both with approval. The passage we quoted from *Coles* acknowledged that ordinarily "[t]he correctness of conditions of probation must be determined on an appeal from the final judgment of conviction and sentence, ... and not on the

subsequent revocation of probation, 'because to do so, would, in effect, permit a circumvention of [Maryland Rule 1012][10] which requires an appeal to be taken within 30 days' following the entry of final judgment." *Matthews*, 304 Md. at 287, 498 A.2d at 658, quoting *Coles*, 290 Md. at 303, 429 A.2d at 1032 (citations omitted). It also recognized the exception: "[a] trial court clearly has the authority and responsibility to correct an illegal sentence at any time ... and the refusal to do so, no matter when the correction request is made, is appealable." *Id.*, quoting *Coles*, 290 Md. at 303, 429 A.2d at 1032 (citations omitted).[11] We held that the defendant in *Matthews* "did not waive his right to object to the illegal sentence even though he did not object to the final judgment embodying the sentence. He was entitled to and did argue the illegality of a portion of the sentence at the revocation hearing, and he has taken a timely appeal from the adverse ruling of the court at that hearing." *Id.* at 288, 498 A.2d at 658.

Our decision in *Valentine* was filed a little more than two months after *Matthews*. The issue that case presented was whether the denial, after the time for direct appeal had run, of

---

**10.** Present Maryland Rule 8–202(a), which provides:

(a) *Generally.*—Except as otherwise provided in this Rule or by law, the notice of appeal shall be filed within 30 days after entry of the judgment or order from which the appeal is taken. In this Rule, "judgment" includes a verdict or decision of a circuit court to which issues have been sent from an Orphans' Court.

**11.** The passage we quoted from *Walczak* was to similar effect:

We hold that when the trial court has allegedly impose a sentence not permitted by law, the issues should ordinarily be reviewed on direct appeal even if no objection was made in the trial court. Such review and correction of an illegal sentence is especially appropriate in light of the fact that Rule 4–345(a), formerly Rule 774(a), provides that "[t]he court may correct an illegal sentence at any time." Thus a defendant who fails to object to the imposition of an illegal sentence does not waive forever his right to challenge that sentence. *See Coles v. State*, 290 Md. 296, 303, 429 A.2d 1029 (1981). Moreover, because the defendant would be entitled to post conviction relief if a sentence is clearly illegal although not objected to at trial, interest of expedition and judicial economy support review of the sentence on direct appeal.

302 Md. at 427, 488 A.2d at 951 (citations omitted).

a defense motion to correct an illegal sentence is directly appealable. 305 Md. at 111, 501 A.2d at 848. We held that it was not, that "[t]he motion is in the nature of a collateral attack. An appeal from its denial is not a direct appeal from the original sentence." *Id.* at 120, 501 A.2d at 853. In reaching that conclusion, the Court revisited *Coles* and, indeed, the precise passage quoted in *Matthews* and on which *Walczak* relied. Unlike those cases, however, the Court "conclude[d] that the comment that the refusal to correct an illegal sentence is appealable no matter when the correction request is made was in error. It was clearly dictum not necessary to the opinion." *Id.* at 119, 501 A.2d at 852.

It is clear, therefore, that, although *Matthews* does stand for the proposition that a violation of probation judgment may be appealed when probation is revoked, even when the basis for the appeal is the legality of a condition of probation, its underpinnings have effectively been removed by *Valentine.* The State is correct, therefore, an appeal challenging the legality of a probation condition does not lie when that appeal is noted more than 30 days after the judgment ordering probation has been imposed. *See* Maryland Code (1973, 1989 Repl.Vol.) § 12–301 of the Courts & Jud. Proc. Article; [12] Maryland Rule 8–202.

APPEAL DISMISSED. COSTS TO BE PAID BY THE APPELLANT.

ELDRIDGE, Judge, dissenting:

I continue to adhere to the views expressed in the dissenting opinion in *Valentine v. State*, 305 Md. 108, 121–126, 501

---

12. Section 12–301 provides:

Except as provided in § 12–302, a party may appeal from a final judgment entered in a civil or criminal case by a circuit court. The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law. In a criminal case, the defendant may appeal even though imposition or execution of sentence has been suspended.

A.2d 847, 853–856 (1985).   Consequently, I disagree with the dismissal of the appeal.