796 A.2d 834

Bobby GEDDINGS

v.

William O. FILBERT, Warden.

No. 2391, Sept. Term, 2000.

Court of Special Appeals of Maryland.

April 11, 2002.

Lloyd C. Clinton and John A. Blondell of Glen Burnie, for appellant.

Scott S. Oakley, Assistant Attorney General (J. Joseph Curran, Attorney General, on the brief), Baltimore, for appellee.

Argued Before MURPHY, C.J., and HOLLANDER, and FISCHER, ROBERT F., (Retired, specially assigned), JJ.

MURPHY, Chief Judge.

On October 25, 2000, in the Circuit Court for Anne Arundel County, Bobby Geddings, appellant, filed a Petition for Writ of Habeas Corpus, asserting that he was unlawfully confined in the Maryland Correctional Institution at Jessup (MCIJ).[1] Appellant's petition included the following assertions:

2. The basis of Petitioner's confinement by the Warden under supervision of the Department of Safety and Correctional Services of the State of Maryland ("DOC") is identified as Commitment Number, 227–214 dated October 22, 1992 pursuant to a sentence imposed by the Circuit Court for Anne Arundel County on October 6, 1992 in which Petitioner received a twenty (20) year sentence with commencement date March 25, 1992.

3. The twenty (20) year sentence imposed on Petitioner was concurrent to a prior ten (10) year sentence of the Circuit Court for Anne Arundel County for which Petitioner was incarcerated under commitment number 159–918.

---

1. This was appellant's second attempt to combine diminution credits applicable to his most recent sentence with credits applicable to prior sentences. In October of 1996, appellant filed a Writ of Mandamus, requesting that the Maryland Parole Commission be ordered to conduct a parole revocation hearing. The circuit court granted the Maryland Parole Commission's motion for judgment and appellant filed an appeal to this Court. In an unreported opinion, we affirmed the judgment of the circuit court. *Geddings v. Maryland Parole Commission*, No. 1149 (September Term, 1998)(unreported).

5. Petitioner has calculated the Credits arising out of the sentences comprising his term of confinement as defined above and asserts that the Credits applied to the sentence(s) he is now serving entitle him to an immediate release.

6. The term of confinement as provided above arises out of the following:

Case Number 120 075
10/5/71–10/5/86 Fifteen
 year sentence 180 Months

Case Number 158 918
2/21/84–2/21/94 Ten year sentence, consecutive to
 No. 120 075; 120 Months

Case Number 227 217
3/25/92–3/25/2012 Twenty year sentence concurrent
 with No. 158 918 240 Months

 Total 540 Months

9. Application of the diminution credits to the term of confinement of Petitioner would entitle Petitioner to a release date of November 19, 1999.

William O. Filbert, appellee, MCIJ's Warden, filed a Response that, in pertinent part, stated:

4. Geddings is attempting to advance an argument that the sentences comprising his current 20–year term of confinement should be aggregated with earlier sentences for which he was earlier committed to the custody of the custody of the Commissioner and Division of Correction, sentences imposed as long ago as 1971, to create a "term of confinement" spanning 42 years, with a maximum expiration date of 3–25–12 (the same maximum expiration date as his 20–year term of confinement). Geddings seeks this result because if he can effectively aggregate all of the sentences from his extensive criminal career into a single 42–year term of confinement, he can aggregate all of the diminution of confinement credits earned and accrued over the span of this 42 years and apply them against the maximum expiration

date of 3/25/12 to achieve an earlier mandatory supervision release date.

5. Geddings could achieve the result he seeks—the aggregation of all of his criminal sentences into a 42–year "term of confinement," if all of his "commitments" to the custody of the Commissioner and Division of Correction during that period of time were to overlap. They do not.

6. At the time that Geddings received the sentences that comprise his current term of confinement, he was on parole from a prior term of confinement. The new convictions and sentences comprising his current term of confinement, and the underlying criminal conduct, *could* have formed the basis for a revocation of his parole. If his parole *had* been revoked, he would have been returned to custody to serve the remainder of the term of confinement from which he had been paroled, together with his new term of confinement. Since these terms of confinement would have overlapped, they would have merged into a single, larger term of confinement, and Geddings would have benefited from all of the diminution of confinement credits he had earned during his earlier term of confinement. Thus, a revocation of his parole would have conferred a perverse benefit on Geddings by allowing for an earlier release on mandatory supervision. But the Maryland Parole Commission did not revoke his parole.

7. Geddings filed a mandamus petition to try to force the Parole Commission to revoke his parole. This action culminated in an unreported decision of the Court of Special Appeals in March, 1999, annexed hereto as Exhibit "C," recognizing that Geddings wanted to do and why Geddings wanted to do it, but also recognizing the "plenary discretion" of the Parole Commission in matters of parole and revocation, and affirming the authority of the Parole Commission not to revoke Geddings parole. *Geddings v. Maryland Parole Commission,* No. 1149 (September Term, 1998). The Court also

recognized the effect of his decision: "[A]t the present time, [Geddings] does not have any right, constitutional or otherwise, to have diminution credits applied to the sentence he is now serving. He would only have such rights if the [Parole] Commission had decided to revoke his parole." Geddings has conveniently omitted any mention in the present habeas corpus action of this dispositive Court of Special Appeals decision.

### The Circuit Court's Ruling

In a November 15, 2000 Memorandum Opinion and Order, The Honorable Clayton Greene, Jr. denied appellant's petition, explaining:

Petitioner incorrectly argues that his three sentences equal one term of confinement. Petitioner's first two sentences, the fifteen-year and the ten-year, do overlap for the purposes of a single term of confinement. *See* Md.Code Ann. CS § 3–701. The twenty-year sentence imposed on October 6, 1992, however, is in itself a single term of confinement as "not all sentences that overlap or run consecutively must aggregate for all purposes to a single term of confinement." *Maryland House of Correction v. Fields,* 348 Md. 245, 267, 703 A.2d 167 (1997). For the purposes of good conduct credits, sentences imposed after October 1, 1992 should be considered a separate term of confinement. *See id.* at 268, 703 A.2d 167. Petitioner's twenty-year sentence, therefore, did not overlap with either of the first two sentences, and for the purpose of good conduct credits is a separate term of confinement. Accordingly, Petitioner should only receive diminution credits for the twenty-year sentence.

The issue raised by Petitioner in his Petition for Writ of Habeas Corpus is similar to the one previously argued and litigated in his Petition for Writ of Mandamus. In the mandamus petition, Petitioner asked that the court order the Parole Commission to conduct another revocation hearing. Essentially, Petitioner sought to force the Commission to revoke his parole in order to receive additional diminution credits. The Court of Special Appeals, in an unreported

decision, held that the Commissioner had the discretion not to revoke the Petitioner's parole. *See also* Md.Code Ann., CS § 7–401. In addition, the Court of Special Appeals held that because the Commission properly exercised its discretion not to hold a second revocation hearing, Petitioner had no right to another hearing. The Court ultimately held that because the Commission did not revoke his parole, Petitioner has no right to additional diminution credits for his current sentence. The Court further held that Petitioner would only have such a right if the Commission had decided to revoke his parole.

In addition to the above discussion, the Court of Special Appeals has addressed the issue now brought before this Court in the Petition for Writ of Habeas Corpus. As such, the Petition for Writ of Habeas Corpus is denied.

On November 22, 2000, appellant filed a Motion to Amend the Judgment, which was denied by Judge Greene on December 19, 2000. This appeal followed, in which appellant presents two questions for our review:

I. Does a term of confinement for the purpose of calculation of diminution credits pursuant to Art. 27, § 700, of the Code of Maryland include time served while on parole?

II. Does serving a sentence on parole constitute a break or termination of sentences which are otherwise combined under that statute awarding credits?

For the reasons that follow, we shall answer "no" to each question and therefore affirm the judgment of the circuit court.

## I.

Appellant argues that his current mandatory release date is incorrect because he has not received all of the diminution credits to which he is entitled. According to appellant's calculation, as of October 30, 2000, he was entitled to a total of 4573 diminution credits, including time served at Patuxent,

which would result in a mandatory release date of October 12, 1999.[2]

---

**2.** In SCHEDULE A TO PETITION FOR WRIT OF HABEAS CORPUS, appellant itemized the credits that he believed that he deserved, which are as follows:

SPECIAL, WORK AND EDUCATION CREDITS
Case Number 120 075
1/26/72–1/26/87 Fifteen year sentence 180 months

| | | | |
|---|---|---|---|
| Sanitation | 1972 | 30 days | |
| School | 1972 | 30 days | |
| Carpenter Maintenance | 1973 | 30 days | |
| Maintenance | 1973 | 30 days | |
| Maintenance | 1974 | 30 days | |
| Maintenance | 1975 | 30 days | |
| Kitchen | 1978 | 30 days | |
| Kitchen | 1979 | 30 days | |
| Outside Detail | 1979 | 20 days | |
| Penitentiary | | | |
| Steel Shop Maintenance | 1981– | | |
| | 1982 | 90 days | **Total = 350** |

Case Number 158 918
2/12/84–2/21/94 Ten year sentence,
consecutive to No. 120 075; 120 Months

MCTC 1982–1984
Santitation, Outside Detail
(5days × 24 months) 120 days

OLD JAIL 1985–1987
Sanitation 1985–1986
(5 days × 12 months) 60 days
Clerk 1986
(5 days × 12 months) 60 days
Steam Fitter Shop 1986–1987
(5 days × 12 months) 60 days

JPRU 1987
Gun Range 1987
(10 days × 7 months) 70 days
Central Laundry 1987
Laundry Maintenance 1987
(5 days × 6 months) 30 days **Total = 400**

OLD JAIL 1988–1989
Sanitation 1988
(5 days × 2 months) 10 days
School Map Contract 1988–1989
(10 days × 5 months) 50 days

MCTC 1989
Masonry 1989
(10 days × 6 months) 60 days
Spec. Project, building garage
(10 days × 3 months) 30 days

ECI 1989
Program Health
(10 days × 3 months) 30 days

JPRU 1989–1990
Work Release 1989–1990
(10 days × 7 months) 70 days

OLD JAIL 1991
Sanitation
(5 days × 4 months) 20 days **Total = 270**
Case Number 227 214
3/25/92–3/25/ 2012 Twenty year sentence
concurrent with No. 158 918; 240 months

MHC Annex 1992–1995
Yard Job, 1992–1996
(5 days × 40 months) 200 days

Double celling Oct. 1992–Dec.1999
(5 days × 86 months) 430 days

Property Clerk, 1996–1999
5 days × 35.5 months) 178 days **Total = 808**

GOOD CONDUCT CREDITS

Case Number 120 075
10/5/71 10/5/86 Fifteen year sentence 900
Less overlap with 158 918, 2 years, 7 months
(5 days × 31 months) 155 745

Case Number 158 918
2/21/84–2/21/94 Ten year sentence
consecutive to No. 120 075 600

Case Number 227 214
3/25/92–3/25/2012 Twenty year sentence
Concurrent with No. 158 918;
2/21/94–3/25/2012 = 18 yrs.1 month
(5 days × 217 months) 1085

OTHER CREDITS NOT ACCOUNTED IN DOC RECORDS

Time served at Patuxent institution without credit
Patuxent Id # 2686, eight months (240 days)
 Total days 240
 ———
 456

Appellee argues that as of April 12, 2000, appellant's mandatory release date was October 6, 2006, which reflected the 1,997 diminution credits to which he was entitled.[3] Judge Greene agreed with appellee. So do we.

Appellant is seeking to combine diminution credits applicable only to his most recent sentence with credits applicable to a prior sentence that does not overlap.[4] Appellant argues that

$$\frac{4506}{365} = 12.35 \text{ years}$$

| | Year | Mo. | Day | |
|---|---|---|---|---|
| Max exp date | 2012 | 03 | 25 | |
| Less Credits | 12 | 04 | 06 | (12.35) |
| RELEASE DATE | 1999 | 11 | 19 | |

ALTERNATIVE CALCULATION

Wrk. / Educ. / Spec. Project Credits 1836

* Term of Confinement / Supervision 10 / 5 / 71 thru 3 / 25 /2012 40 years, 5 months, 20 days 485.6 months × 5 days per month = 2428

Total 4264

Total Days
$$\frac{4264}{365} = 11.68 \text{ years}$$

| | Year | Mo. | Day | |
|---|---|---|---|---|
| Max exp date | 2012 | 03 | 25 | |
| Less Credits | 11 | 08 | 08 | (11.68) |
| | 2000 | 07 | 17 | |

Special Credit for time at
Patuxent not included
in records 240 days (8 months) 08

| | | | |
|---|---|---|---|
| RELEASE DATE: | 1999 | 11 | 17 |

3. According to the "OBSCIS Offender Function, Maintain Diminution of Confinement" computer record, an official record of the DOC created and maintained in the ordinary course of business, Geddings had accrued 1,197 diminution confinement credits, as of April 12, 2000. The credits consisted of the following: 19 local good conduct credits; 1,168 DOC good conduct credits; 393 DOC industrial credits; and 417 DOC special project credits. Applying these credits to the maximum expiration date of Geddings' term of confinement yields a projected release to mandatory supervision, as of April 12, 2000, on October 6, 2006.

4. "Diminution credits can be earned by inmates to reduce the lengths of their confinements." *Frost v. State*, 336 Md. 125, 128, 647 A.2d 106

violation of parole is not relevant to the calculation of appellant's diminution credits under former Article 27 § 700. Appellant's argument relies on *Department of Public Safety, Correctional Servs. v. Henderson,* 351 Md. 438, 718 A.2d 1150 (1998). We are persuaded, however, that the *Henderson* decision does not control appellant's case. In *Henderson,* the Maryland Parole Commission revoked the inmate's parole. Appellant's parole has not been revoked.

■ Neither Md.Code Ann., Art. 27 § 700(which was in effect on October 6, 1992) nor Md. Corr. Serv.Code Ann. § 3–701 (which is in effect today) requires the aggregation of all of appellant's sentences, because all sentences that overlap or run consecutively do not need to aggregate "for all purposes to a single term of confinement." *Henderson,* 351 Md. at 452, 718 A.2d at 1157. As this Court stated in appellant's mandamus action, his earlier term of confinement could be aggregated with his present term of confinement **only** if the Maryland Parole Commission, in the exercise of its discretion, revoked appellant's parole from the earlier term of confinement (emphasis supplied). We agree with Judge Greene that, since the Maryland Parole Commission has not revoked appellant's parole, appellant is not entitled to the diminution of confinement credits applicable to his earlier term of confinement.

■ Only sentences being served by an inmate in "confinement" are aggregated into a "term of confinement" as that term was defined in 1992 and as that term is defined today.[5]

---

(1994). Inmates have the ability to earn good conduct credits, work or industrial credits, education credits, and special project credits. *See* Md. Corr. Serv.Code Ann. §§ 3–702 to 3–707. What makes earning diminution credits important is that an inmate can earn the right to be released on a date much earlier than that designated by his original term of confinement. *Frost,* 336 Md. at 128, 647 A.2d at 107–08.

5. Md. Corr. Serv.Code Ann. § 3–701 provides that:
 In this subtitle, "term of confinement" means:
 (1) the length of the sentence, for a single sentence; or
 (2) the period from the first day of the sentence that begins first through the last day of the sentence that ends last, for
 (i) concurrent sentences

Any sentence being served on parole or mandatory supervision, for example, is not aggregated into a term of confinement because it is not being served in "confinement." In the case *sub judice*, when appellant was sent to the DOC in 1992, and began serving a twenty-year term of confinement, he was on parole for theft. The sentence for theft was not aggregated into the twenty-year term of confinement, even though the two were concurrent and overlapping, because the ten-year sentence for theft was being served on parole, and was not being served in confinement.[6]

In *Secretary of Public Safety and Correctional Services v. Hutchinson*, 359 Md. 320, 753 A.2d 1024 (2000), the Court of

---

(ii) partially concurrent sentences; or

(iii) consecutive sentences; or

(iv) a combination of concurrent and consecutive sentences. (Ann. Code 1957, art.27, § 700(a); 1999, ch. 54, § 2.)

**6.** Realizing that he had to be confined, pursuant to a sentence, to earn diminution of confinement, appellant filed a Petition for Writ of Mandamus, seeking an order requiring the Maryland Parole Commission to conduct a parole revocation hearing that would result in the revocation of his parole. As this Court stated in its review of the mandamus proceeding:

The reason why [appellant] wanted the [Maryland Parole] Commission to revoke his parole is due to the fact that, if his parole were revoked, [appellant] would receive additional diminution credits to be applied to the sentence he was serving. Ironically, [appellant] would be released earlier than if his parole were not revoked.

*Geddings v. Maryland Parole Commission*, No. 1149 (September Term, 1998)(unreported). This anomaly in the law was explained by Judge Chasanow in *Dep't of Public Safety, Correctional Services v. Henderson*, 351 Md. 438, 718 A.2d 1150 (1998), in which he noted:

[H]ad the Parole Commission not exercised its discretion to revoke Henderson's parole when he committed a new crime, Henderson would have been serving only one sentence and would have had a mandatory release date of February 25, 2002, but because the Parole Commission also revoked Henderson's parole, he is serving two sentences and therefore, according to the majority, his mandatory release date is over 4½ years earlier, July 7, 1997. I doubt that the Parole Commission will be pleased to find out that, by revoking Henderson's parole after his new sentence, it was decreasing, not increasing, the time he would serve and was mandating that he be released 4½ years earlier than if his parole was not revoked.

351 Md. at 454, 718 A.2d at 1158 (Chasanow, J., concurring and dissenting)(footnote omitted).

Appeals held that the convict was entitled to good conduct credits only against his new sentence. 359 Md. at 331, 753 A.2d at 1029. Hutchinson committed a crime after he had been released on mandatory supervision. When he was sent back to prison to serve the remaining part of his original sentence, because his original sentence and his sentence for the new crime overlapped, he argued that any credits he earned against his new sentence should be applied to reduce his entire term of confinement rather than the length of time he would serve under the new sentence. 359 Md. at 330–31, 753 A.2d at 1029–30. The *Hutchinson* Court rejected that argument:

> One thing that seems abundantly clear is that the General Assembly did not intend for there to be any future diminution credits applied against the sentence(s) the inmate was serving when placed on mandatory supervision. Hutchinson's approach, founded on the premise of a single term of confinement, would effectively do that, which is why we reject it.

359 Md. at 330, 753 A.2d at 1029. Using a "common sense" interpretation of the statute consistent with its prior decisions, the *Hutchinson* Court concluded that the inmates earned good conduct credits against the term of the new, eligible sentence, not against the previous term of confinement. 359 Md. at 330–31, 753 A.2d at 1029–1030.

## II.

Appellant argues that, under *Gantt v. State,* 81 Md.App. 653, 661, 569 A.2d 220, 223 (1990), there was no break in the term of his confinement. In that case, this Court stated that, "a person who is on parole is actually serving a sentence outside the prison walls. Thus, a judge sentencing a parolee on a subsequent offense may make that subsequent sentence consecutive to the sentence the parolee is serving, ie., the sentence from which he is on parole." In *State v. Parker,* 334 Md. 576, 640 A.2d 1104 (1994), however, the Court of Appeals rejected that proposition:

Although a sentence continues to be served whether within prison walls or without, it is clear that parole is different in nature from, and serves a purpose different from that of, incarceration. To treat the two identically in the context of multiple sentence, as the language of *Gantt* requires, is overly simplistic. . . .

334 Md. at 588, 640 A.2d at 1110. The *Parker* Court explained that

[t]he fundamental difference between parole and incarceration is further illustrated by the fact that, in many jurisdictions, a parolee may be denied credit for time spent on parole ("street time") if parole is subsequently revoked. *See id.* [*Morrissey v. Brewer,* 408 U.S. 471, 482, 92 S.Ct. 2593, 2600–01, 33 L.Ed.2d 484, 494–95 (1972)] (if parolee is returned to prison, he usually receives no credit for time "served" on parole); *Dulier v. State,* 789 P.2d 372, 374 (Alaska App.1990)("a prisoner who remains 'in custody' for the purpose of maintaining the parole board's jurisdiction over him may still be deemed 'at liberty' for denying credit [for parole not successfully completed]"); *Segarra v. State,* 430 So.2d 408, 410–11 (Miss.1983); David J. Oliveiri, Annotation, Authority of United States Parole Commission to Credit Time Spent on Parole ("Street Time") Toward Sentence to be Served after Revocation of Parole, 63 A.L.R. Fed. 328 (1983).

334 Md. at 588, 640 A.2d at 1110–11. Here, we are persuaded that appellant is not entitled to aggregation of his sentences into a single term of confinement because the Maryland Parole Commission decided not to revoke appellant's parole. Thus, we affirm Judge Greene's conclusion that a writ of habeas corpus should not be issued.

**JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.**