908 A.2d 750

William HASKINS a/k/a Bilal A. Rahman

v.

STATE of Maryland.

No. 1802, Sept. Term, 2005.

Court of Special Appeals of Maryland.

Oct. 2, 2006.

George E. Burns, Jr. (Nancy S. Forster, Public Defender, on brief), for appellant.

Shannon E. Avery (J. Joseph Curran, Atty. Gen., on brief), for appellee.

Panel MURPHY, C.J., ALPERT, PAUL E. (Ret., specially assigned), GETTY, JAMES S. (Ret., specially assigned), JJ.

ALPERT, J.

Appellant William Haskins a/k/a Bilal A. Rahman is an inmate who is committed to the custody of the Commissioner of Correction and has been serving a term of confinement continuously since 1992. In a previous opinion,[1] this Court determined that Haskins is entitled to have his term of confinement reduced by four years and four days—a portion of the time he was incarcerated on convictions that were later vacated by this Court.[2] In this appeal, Haskins seeks a reduction of his term of confinement equal to the remainder of the time he was incarcerated on those convictions.

## ISSUE

Haskins argues that the trial court erred by denying his motion to correct an illegal sentence. We shall affirm the judgment of the trial court.

## FACTS

Haskins' history with Maryland's legal system and the Division of Correction is a long and convoluted one. We shall recite only those facts necessary to an understanding of the appeal now before us.

Haskins was convicted on October 25, 1985 in the Circuit Court for Baltimore City of assault with intent to murder, assault, and use of a handgun in the commission of a crime of violence. The court imposed concurrent prison sentences of 25 years for assault with intent to murder and 20 years for the handgun violation, but suspended all but 10 years in favor of

---

1. *William Haskins a/k/a Bilal Abdul Rahman v. State of Maryland,* No. 698, September Term, 2000 (Court of Special Appeals January 4, 2001).

2. *See William Garrison Haskins and Anthony Haskins v. State of Maryland,* No. 13, September Term, 1996 (Court of Special Appeals March 5, 1997).

five years' probation. The sentences commenced as of August 14, 1984. Haskins did not timely appeal from the judgments.

On November 27, 1991, after serving approximately seven years and three months in confinement on the 1985 sentences, Haskins was released on parole. He was subsequently arrested and detained in connection with a robbery committed on March 4, 1992 in Baltimore County. On January 13, 1993, Haskins was convicted in the Circuit Court for Baltimore County of robbery with a deadly weapon and related offenses in that case.

As a result of the 1993 convictions, Haskins was found to be in violation of his parole in the 1985 case. His parole was therefore revoked. Subsequently, the Circuit Court for Baltimore County imposed prison sentences in the robbery case to run consecutively to the reimposed sentences for the 1985 convictions. Relying on the 1985 assault with intent to murder conviction and another, earlier conviction for a crime of violence, the court imposed a mandatory sentence of 25 years without possibility of parole for robbery with a deadly weapon.[3]

In 1995, Haskins filed a petition for post-conviction relief in connection with the 1985 case. His petition was granted and ultimately, on March 5, 1997, this Court vacated the judgments entered in the 1985 case.[4] This Court's mandate issued on April 4, 1997. Through counsel, Haskins then filed a "Motion to Modify Illegal Sentence" in the Circuit Court for Baltimore County, seeking to have the mandatory 25–year sentence modified since it was based on a predicate conviction that was no longer valid.

A hearing was held on the motion to modify. Apparently, counsel for Haskins also argued at the hearing that the amount of time Haskins served in confinement on the 1985 sentences should be subtracted from the total length of his

---

3. *See former* Md.Code (1957, 1996 Repl.Vol.), § 643B of Art. 27.

4. *See Haskins & Haskins,* No. 13, September Term, 1996.

term of confinement for the 1993 convictions. The trial court granted the motion to modify as to the mandatory sentence, but refused to grant Haskins credit against the sentences for the 1993 convictions for time served in confinement on the 1985 sentences. Haskins then appealed to this Court.

In his brief in that appeal, Haskins argued that the Circuit Court for Baltimore County erred by "refusing to give appellant credit for time served on another case, when the judgment in the other case was reversed on appeal[.]"[5] He specifically asserted that the trial court "was required to give appellant credit for the seven and one half years he served on [the 1985] case." The State responded in its brief that Haskins was attempting improperly to use "banked" time. Thereafter, in a reply brief, Haskins asserted that he was not attempting to use "banked" time but sought only to receive credit for "4 years and 4 days" that he was incarcerated on the 1985 sentences *after* his parole on those sentences was revoked. Apparently because the sentences imposed for the 1993 convictions were to run consecutively to the reimposed sentences for the 1985 convictions, Haskins argued that he "was serving multiple sentences within the meaning of [former § 638C(c) of Article 27] when he was serving both the sentence for the violation of [parole] in [the 1985] case and the sentence in the instant robbery case."

This Court accepted Haskins' argument, as clarified in his reply brief, in that appeal. Without commenting on Haskins' initial request that he receive credit for all seven and a half years he was imprisoned on the 1985 sentences, we stated:

> The appellant clearly has been a "person serving multiple sentences" since March 30, 1993. As such, we hold that the appellant is entitled to the four years and four days he served as a result of violating his parole in [the 1985] case, a case that was subsequently reversed on appeal.[6]

---

**5.** The briefs filed in *Haskins,* No. 698, September Term, 2000, are not included in the trial record. We nevertheless take judicial notice of them. *See* Md. Rule 5–201.

**6.** *Id.* at 3–4.

As a result of this Court's decision, the trial court then issued a new Commitment to the Division of Correction reflecting that Haskins had been credited with an additional four years and four days of "time served."

On August 26, 2005, Haskins filed in the Circuit Court for Baltimore County another "Motion to Correct Illegal Sentence." Haskins argued that the trial court had erred by failing to "start" his sentences for the 1993 convictions "on the date of the appellate opinion." Presumably, Haskins was referring to the date of the opinion by which this Court vacated the 1985 convictions, although he does not specify whether he means the date the opinion was filed or the date the mandate issued. In any event, the trial court denied the motion without comment. Haskins timely filed this appeal.

## DISCUSSION

Haskins asserts in his brief that "any time [he] served [on the 1985 sentences] between 1985 and when he was released prior to incarceration for the 1992 crime was time served that was not ultimately credited to a valid sentence." Haskins argues that, based on § 6–218(b)(2) or (b)(3) of the Criminal Procedure Article, all of "the time [he] spent incarcerated for the vacated [1985 convictions] should have been credited to the time to be served for his subsequent conviction[s]."

Preliminarily, there is considerable question as to whether the argument is a proper subject for a motion to correct illegal sentence. Maryland Rule 4–345(a) provides, "The court may correct an illegal sentence at any time." An illegal sentence is "a sentence not permitted by law...." *Walczak v. State*, 302 Md. 422, 427, 488 A.2d 949 (1985), *abrogation on other grounds recognized by Savoy v. State*, 336 Md. 355, 648 A.2d 683 (1994). A motion to correct an illegal sentence is " 'not appropriate where the alleged illegality did not inhere in [the defendant's] sentence.' " *Baker v. State*, 389 Md. 127, 133, 883 A.2d 916 (2005) (citation omitted). *See generally State v. Wilkins*, 393 Md. 269, 273–75, 900 A.2d 765 (2006). Ordinarily, a motion to correct an illegal sentence is

entertained only "where the alleged illegality was in the sentence itself or the sentence never should have been imposed." *Id.* Here, Haskins does not challenge the legality of the sentences imposed in the 1993 case, which he is now serving. He merely contends that he should receive credit against those sentences for time served in confinement on other, vacated sentences. It thus appears that the motion did not have a proper basis, and the trial court correctly denied it for that reason.

Assuming, without deciding, that the motion to correct an illegal sentence was a proper recourse, the State correctly points out that Haskins is bound by the law of the case as set forth by an earlier opinion of this Court.[7] As we have indicated, in *William Haskins a/k/a Bilal Abdul Rahman v. State of Maryland*, No. 698 September Term, 2000 (Court of Special Appeals January 4, 2001), we determined that Haskins was entitled to four years and four days of credit for time served in confinement after the revocation of his parole on the 1985 sentences.

 As the Court of Appeals has summarized:
[T]he "law of the case doctrine is one of appellate procedure." ... Under the doctrine, once an appellate court rules upon a question presented on appeal, litigants and lower courts become bound by the ruling, which is considered to be the law of the case.... Not only are lower courts

---

7. Although the matter is of little pertinence in light of our resolution of this case, we note that Haskins' argument on appeal is different than the argument he made in the "Motion to Correct an Illegal Sentence" which was filed in the trial court and which is at the root of this appeal. In support of his motion, Haskins argued that the trial court erred by failing to "start" his sentences for the 1993 convictions "on the date of the appellate opinion." Haskins did not argue, as he argues on appeal, that he was entitled to credit for time served in confinement on the 1985 sentences before his parole on those sentences. Because the legality of a sentence may be raised at any time—even, for the first time, at the appellate level—the argument would properly be before this Court *if* it truly went to the legality of the sentences. *See, e.g., Fisher v. State,* 367 Md. 218, 238–40, 786 A.2d 706 (2001); *Walczak v. State,* 302 Md. 422, 425–27, 488 A.2d 949 (1985), *abrogation on other grounds recognized by Savoy v. State,* 336 Md. 355, 648 A.2d 683 (1994).

bound by the law of the case, but "[d]ecisions rendered by a prior appellate panel will generally govern the second appeal" at the same appellate level as well, unless the previous decision is incorrect because it is out of keeping with controlling principles announced by a higher court and following the decision would result in manifest injustice. *Scott v. State,* 379 Md. 170, 183–84, 840 A.2d 715 (2004) (citations omitted). In *Scott,* the Court recognized that the law of the case doctrine applies to motions to correct illegal sentences. *See id.* at 182–83, 840 A.2d 715. The Court ruled that the doctrine had been misapplied in that case, however, since there had been no appellate rulings but only rulings by the trial court. *See id.* at 184, 840 A.2d 715.

■■■ In Maryland, the law of the case doctrine prevents the revisiting of not only an issue that has been properly raised on appeal but also "a question that *could* have been raised and argued in that appeal on the then state of the record.…" *Martello v. Blue Cross & Blue Shield of Maryland, Inc.,* 143 Md.App. 462, 474, 795 A.2d 185 (2002) (emphasis added). Under the law of the case doctrine, "[n]either the questions decided nor the ones that could have been raised and decided are available to be raised in a subsequent appeal." *Id.* (emphasis omitted). As the Court of Appeals has made clear:

It is the well-established law of this state that litigants cannot try their cases piecemeal. They cannot prosecute successive appeals in a case that raises the same questions that have been previously decided by this Court in a former appeal of that same case; and, furthermore, they cannot, on the subsequent appeal of the same case raise any question that could have been presented in the previous appeal on the then state of the record, as it existed in the court of original jurisdiction. If this were not so, any party to a suit could institute as many successive appeals as the fiction of his imagination could produce new reasons to assign as to why his side of the case should prevail, and the litigation would never terminate. Once this Court has ruled upon a question properly presented on an appeal, or, if the ruling

be contrary to a question that could have been raised and argued in that appeal on the then state of the record, as aforesaid, such a ruling becomes the "law of the case" and is binding on the litigants and the court alike, unless changed or modified after reargument, and neither the questions decided not the ones that could have been raised and decided are available to be raised in a subsequent appeal. *Fid.-Baltimore Nat. Bank & Trust Co. v. John Hancock Mut. Life Ins. Co.*, 217 Md. 367, 371–72, 142 A.2d 796 (1958).

■ As we have indicated, Haskins asserted in his appellant's brief in *Haskins*, No. 698, September Term, 2000, that the trial court "was required to give appellant credit for the seven and one half years he served on [the 1985] case." After the State responded in its appellee brief that Haskins was attempting improperly to use "banked" time, Haskins seemingly changed his position and argued, in a reply brief, that he sought only to receive credit for "4 years and 4 days" served in confinement on the 1985 sentences *after* his parole on those sentences was revoked. Clearly, the argument that Haskins now urges this Court to accept could have been—and indeed temporarily was—urged in the previous appeal. Our decision in *Haskins*, No. 698, September Term, 2000, is now the law of the case, and Haskins is precluded from arguing that he is entitled to more credit based on the 1985 sentences.

■ Even assuming *arguendo* that the law of the case doctrine did not apply, we would hold that Haskins is not entitled to the credits he now requests. Section 6–218 of the Criminal Procedure Article provides, in pertinent part:

> **§ 6–218 Credit against sentence for time spent in custody.**
>
> (a) This section does not apply to a parolee who is returned to the custody of the Division of Correction because of a subsequent crime and is confined before being sentenced for the subsequent crime.[8]

---

**8.** In arguing in *Haskins*, No. 698, September Term, 2000, that he was entitled to credit for four years and four days served in confinement on

(b)(1) A defendant who is convicted and sentenced shall receive credit against and a reduction of the term of a definite or life sentence, or the minimum and maximum terms of an indeterminate sentence, for all time spent in the custody of a correctional facility, hospital, facility for persons with mental disorders, or other unit because of:

(i) the charge for which the sentence is imposed; or

(ii) the conduct on which the charge is based.

(2) If a defendant is in custody because of a charge that results in a dismissal or acquittal, the time that would have been credited if a sentence had been imposed shall be credited against any sentence that is based on a charge for which a warrant or commitment was filed during that custody.

(3) In a case other than a case described in paragraph (2) of this subsection, the sentencing court may apply credit against a sentence for time spent in custody for another charge or crime.

. . .

(d) A defendant who is serving multiple sentences, one of which is set aside as the result of a direct or collateral attack, shall receive credit against and a reduction of the remaining term of a definite or life sentence, or the remaining minimum and maximum terms of an indeterminate sentence, for all time spent in custody under the sentence

---

the 1985 sentences after the revocation of his parole, Haskins had the predecessor to this subsection in mind. He asserted in a footnote in his reply brief:

Actually, it was four years and 65 days [that Haskins served on the 1985 sentences after the revocation of his parole but before the judgments were vacated], but appellant is not entitled to credit for time spent in custody after a parole violation and before he was sentenced for a subsequent offense. Four years and 65 days intervened after appellant was sentenced in the instant robbery case. *See,* art. 27, § 638C(a) ("This section does not apply to a parolee who is returned to the custody of the Division of Correction as a result of a subsequent offense and is incarcerated prior to the date on which he is sentenced for the subsequent offense").

set aside, including credit applied against the sentence set aside in accordance with subsection (b) of this section.

. . .

Md.Code (2001, 2005 Cum.Supp.), § 6–218 of the Crim. Pro. Art.[9]

 The Court of Appeals has summarized the criteria for interpreting the statute in issue:

> The construction of [§ 6–218] of the Criminal Procedure Article implicate[s] a *de novo* review.... Our goal, when interpreting statutes, is to "identify and effectuate the legislative intent underlying the statute(s) at issue." ... The best source of legislative intent is the statute's plain language, and when the language is clear and unambiguous, our inquiry ordinarily ends there.... When there is more than one reasonable interpretation of a statute, however, the statute is ambiguous.... When the statutory language is ambiguous, we resolve that ambiguity in light of the legislative intent, considering the legislative history, case law, and statutory purpose.... "We consider not only the ordinary meaning of the words, but also how that language relates to the overall meaning, setting, and purpose of the act." ... The statute's provisions must be read in "a commonsensical perspective to avoid a farfetched interpretation." ... We construe the statute as a whole so that no word, clause, sentence, or phrase is rendered surplusage, superfluous, meaningless, or nugatory....

*Gilmer v. State,* 389 Md. 656, 662–63, 887 A.2d 549 (2005) (citations omitted) (holding that under the facts of that case the entry of a charge *nolle prosequi* amounted to a dismissal within the meaning of § 6–218(b)(2)). "Under Maryland law, an ambiguity in penal statutes is to be construed against the State.... Similarly, if doubt exists as to the proper penalty,

---

9. As part of the Code revision process, former Code (1957, 1996 Repl.Vol.), § 638C of Art. 27 was repealed and re-enacted, without substantive change, as § 6–218 of the Crim. Pro. Art. *See* 2001 Laws of Maryland, Chapter 10, § 2.

punishment must be construed to favor a milder penalty." *Wilson v. Simms*, 157 Md.App. 82, 98, 849 A.2d 88, *cert. denied*, 382 Md. 687, 856 A.2d 723 (2004). We perceive no ambiguity as to the application of § 6–218 in the instant case.

Although Haskins directs this Court's attention to subsections (b)(2) and (b)(3) of § 6–218, those subsections are inapplicable. By its plain language, § 6–218(b)(2) mandates that a defendant be given credit for time served prior to trial on a charge that results in dismissal or acquittal. Haskins' case involves no such time served. The Court of Appeals has explained that, under § 6–218(b)(3), a trial court has discretion to allow credit for time served prior to trial on a charge that is disposed of in some manner other than dismissal or acquittal, such as a stet. *See Gilmer*, 389 Md. at 677 n. 17, 887 A.2d 549. Again, no such time served is implicated in the instant case.

It is apparent that the subsection with potential applicability to Haskins' case is § 6–218(d). Indeed, Haskins' argument seemingly paraphrases that subsection. Haskins points out that he was "on parole" for the 1985 sentences when he was arrested on the charges that led to his 1993 convictions and sentences. He suggests that even though he was on parole he was "in custody" or "serv[ing] ... sentence[s] beyond [prison] walls." Haskins maintains that he "is not seeking credit for time spent on parole" and asserts that "the significance of [his] being on parole is that he was in custody when ... he was subsequently charged."

Subsection (d) of § 6–218 "addresses the situation where a defendant is serving multiple sentences and one of them is set aside as a result of a direct or collateral attack." *Wilson*, 157 Md.App. at 95, 849 A.2d 88. Haskins argues that he *was* serving multiple sentences at the relevant times, including: his initial incarceration on the 1985 sentences; the time spent on parole for the 1985 sentences; his incarceration upon the revocation of his parole; and his consecutive sentences for the 1993 convictions. The argument rests on the supposition that Haskins was serving a sentence within the meaning of the statute even while on parole. That is, that he was serving

multiple sentences during the entire period despite the break in physical custody, or confinement, that occurred while he was on parole. Haskins concedes that he is not entitled to credit against the 1993 sentences for any portion of the 1985 sentences served on parole.

It is true, in a technical sense, that "parole constitutes service of the sentence beyond the prison walls," and that "a parolee may be considered 'in custody'" for certain purposes. *State v. Parker*, 334 Md. 576, 587, 640 A.2d 1104 (1994) (explaining that parole does not constitute service of sentence such that another sentence can be imposed to run consecutively to parole). "[T]his characterization, while correct, is incomplete," however. *Id.* The Court of Appeals has made clear that "parole is fundamentally different in nature from actual service within the prison walls." *Id.* "Although a sentence continues to be served whether within prison walls or without, it is clear that parole is different in nature from, and serves a purpose different from that of, incarceration." *Stouffer v. Pearson*, 390 Md. 36, 56, 887 A.2d 623 (2005) (where sentence imposed on new sentence was to run consecutively to sentence for which defendant was on parole, but parole had not been revoked at time of sentencing, new sentence was deemed to begin on date of sentencing). "A defendant is not in 'custody' for purposes of [§ 6–218] if the conditions of the defendant's confinement do not impose substantial restrictions on the defendant's freedom of association, activity and movement such that unauthorized absence from the place of confinement would be chargeable as the criminal offense of escape...." *Dedo v. State*, 343 Md. 2, 11, 680 A.2d 464 (1996). *See generally* Code (2002, 2005 Cum.Supp.), §§ 9–401, 9–404, and 9–405 of the Crim. Law Art. (setting forth the crime of escape).

"Parole is not a sentence *in esse*...." *Id.* at 59, 680 A.2d 464. It "is unique in nature and should not be treated analogously" to incarceration. *Id.* at 57, 680 A.2d 464. As the Court of Appeals has opined, "[t]o treat the two

identically in the context of multiple sentences ... is overly simplistic...." *Parker,* 334 Md. at 588–89, 640 A.2d 1104.

To summarize the instant case, Haskins was released on parole—and thus from confinement—after serving time on the 1985 sentences. While on parole, he committed new offenses of which he was convicted in 1993. Haskins' parole for the 1985 sentences was revoked, and he was subsequently sentenced for the 1993 convictions. Eventually, the 1985 judgments were vacated. Haskins was given credit against the 1993 sentences for time served on the 1985 sentences after his parole was revoked. That is because the post-parole sentences formed "multiple sentences" within the meaning of § 6–218(d). Haskins was not given—and in his previous appeal expressly declined to request—credit against the 1993 sentences for time served on the 1985 sentences before he was paroled because the pre-parole sentences were not part of the "multiple sentences." *Cf. Geddings v. Filbert,* 144 Md.App. 95, 105, 796 A.2d 834 (2002) (for purposes of calculating diminution of confinement credits for prisoners committed to the custody of the Division of Correction, "[a]ny sentence being served on parole ... is not aggregated into a term of confinement because it is not being served in 'confinement' ").

 Section 6–218 "has a dual purpose: to preclude a defendant from 'banking' time before he or she commits a new offense and to eliminate 'dead' time, which is time spent in custody that will not be credited to a future sentence." *Dedo,* 343 Md. at 9, 680 A.2d 464.

> Credit statutes are designed to avoid the obviously undesirable effect of permitting a defendant to "bank" time before he commits a new offense.... Indeed, the possibility that an accumulated reserve of time could be used to offset a sentence for a future, yet uncompleted crime would destroy the deterrent value against the commission of such a crime.

*Fleeger v. State,* 301 Md. 155, 163–64, 482 A.2d 490 (1984) (citations omitted).

The application of § 6–218 urged by Haskins would permit Haskins to take advantage of "banked" time. That is, Haskins

would be permitted to use time served prior to a break in confinement to offset a sentence for a crime committed during that break. It is truly unfortunate that Haskins was incarcerated for a period of time, prior to his parole, on convictions that were later vacated. Due to the break in physical custody effected by the parole, however, the pre-parole period simply can not be aggregated to form "multiple sentences" with any other sentence against which the so-called "dead" time could be credited.

We observe that our holding leaves Haskins in the position of any person who serves time and is paroled on a criminal conviction that is later vacated, and who does *not* commit another criminal offense while on parole.

**JUDGMENT AFFIRMED; APPELLANT TO PAY THE COSTS.**